## LETITIA McKAY, Respondent, *v.* WALTER FREEMAN, Appellant.

DOWER—ASSIGNMENT OF, NOT NECESSARY TO RIGHT OF ACTION.—A widow entitled to dower which has not been assigned to her, may maintain an action at law against the grantee of her husband who denies her right to recover the same.

D EM—COMPLAINT, WHEN SUFFICIENT.—In such action it is not necessary that the complaint in addition to the allegation that defendant wrongfully withholds the possession shall allege that he denies plaintiff's right. This may be shown in evidence.

IDEM—DONATION ACT—RIGHT OF WIDOW UNDER, WHERE DONEE DIED BEFORE FINAL PROOF.—A donation claimant under the fourth section of the donation law, complied with the conditions of the act so as to entitle him to a patent. He thereafter conveyed the tract. His wife did not join in the conveyance. He died before the issue of the donation certificate or patent: *Held*, that his widow was entitled to dower in the tract.

APPEAL from Washington County.

This is an action to recover an estate of dower. Plaintiff is the widow of Charles McKay, deceased, who died intestate on or about the twenty-eighth day of May, 1873.

McKay took six hundred and forty acres of land under the donation act, one half to himself and the other to his wife the plaintiff. The required residence and cultivation was completed on the twenty-seventh of September, 1854; but the final proofs were not made until subsequent to his. death. On the thirtieth of April, 1865, McKay, for a valuable consideration, sold and conveyed two hundred acres of that portion of the donation subsequently allotted to his heirs to the appellant. His wife, the respondent, did not

join in the conveyance. In April, 1875, upon final proofs being made, a patent certificate was issued allotting the east half of the section to the respondent, and the west half, of which the land conveyed was a part, to the heirs at law of Charles McKay.

The respondent brought an action of ejectment to recover the possession of an undivided one-third of the two hundred acres sold by McKay in April, 1865, alleging that she is seised of an estate in dower for her own life therein. She alleges that the appellant wrongfully withholds and has so withheld the possession of the premises from her for two years prior to the commencement of the action, to her damage, etc., and that she has demanded the possession from him.

The demand for possession is admitted. The case was tried by the court, without a jury, upon facts stipulated between the parties and upon the allegations and proofs. The court, among other findings of facts and conclusions of law, found that respondent demanded her dower on the thirteenth day of May, 1875, and "that the rental value of said code of civil procedure allows him ten per centum of the land, from May 13, 1875, to the date of the judgment, to wit, October, 1876, is three dollars per acre; that the respondent is entitled to recover dower or an interest and possession in the two hundred acre tract described in stipulated fact No. 6, equal to thirty-eight and one tenth (38 1-10) acres or any quantity to be admeasured and set out to her, to hold in severalty during her natural life, and that the plaintiff is entitled to recover of and from the defendant the sum of one hundred and fourteen dollars and thirty cents damages for withholding her said dower since demand thereof."

These findings and conclusions of law are assigned as error.

*T. H. Tongue,* for appellant:

The statute requires (Civ. Code, sec. 313) that the plaintiff have a legal estate in the property and a present right of possession. Until assignment dower is not a legal estate

and does not give a right of possession. (1 Wash. on Real Prop., 284, 288; Tyler on Infancy and Coverture, 581; 4 Mass. 387; 9 Id. 12; 16 Id. 193; 2 N. Y. 254; 8 Id. 113; 4 Kent, 63; 7 John. 247; 20 Id. 411; 19 Id. 167.) Before assignment, a widow cannot maintain ejectment for dower. (1 Wash. on Real Prop., 287; 4 Kent, 64; 15 John. 319; 5 Id. 80; 45 Bart. 265; Adams on Ejectment, 66.) Unless, therefore, the statutes clearly confer this remedy, plaintiff cannot maintain this action. (5 Or. 266.) If plaintiff can maintain this action, she must show a denial of right. (Civ. Code, sec. 324.) This cannot be shown unless averred. (4 Or. 11.) Plaintiff does not aver by what right she is entitled to dower. If entitled at all, it is not in her own right, but through the right of her husband, and right to continuance of his estate. (1 Wash. on Real Prop., 179.)

Her marriage and the seisin and death of her husband should have been alleged. An examination of whether the facts proved warrant the judgment of the court, involves the question whether a widow is entitled to dower in her husband's half of his donation claim when he has died, after completing the required residence and cultivation, but before making proof thereof and receiving patent. The reason of the law giving dower, as given by Blackstone (2 Black. Com. 130), is "for the sustenance of the wife, and the nurture and education of the younger children." (1 Wash. on Real Prop. 170.)

The reason of the law for giving dower is not applicable to the donation law. Much more ample means for the support of the widow have been provided. One-half of the entire claim is there given to her in her own right. Of the other half, the entire interest of the husband who dies before patent issues, is disposed of by that act. Nothing is left to which dower can attach. As we have seen, dower is a continuance of the husband's interest and estate. That interest is all disposed of. (1 Wash. on Real Prop. 179.) A donation claimant may sell or devise his half of his claim after completion of his residence. If he does neither, and dies before patent issues, the land must descend as pointed out by that act. (5 Or. 204; 1 Saw.

253; 2 Id. 273; 3 Id. 419; 1 Deady, 358; 13 Wall. 428; 4 Or. 155.)

In that act there is no provision for dower. To entitle the widow to dower in any land, the husband must have been seised, during marriage, of an estate of inheritance—an estate that would pass to his heirs as such. (Civ. Code, Mis. Laws, chap. 17, sec. 1; 4 Kent 37; 1 Wash. on Real Prop. 179; 2 Or. 30.) But where the donation claimant dies before patent issues, the land does not descend to his heirs, as such, but to the persons designated in the act, excluding some of the heirs, such as grandchildren. (1 Deady, 358; 13 Wall. 428.)

In the second of Oregon 32, 33, this court held that dower did not attach to a donation claim until the conditions of the act had been complied with. Residence, cultivation and proof thereof are conditions necessary to be complied with before a donation claim ceases to be " an estate upon condition," " a base or conditional fee." (1 Deady 113; 5 Or. 202.) Respondent, if at all, can only recover damages from the time of demand. (Mis. Laws, chap. 17, sec. 25.) The complaint shows no time of demand.

*Dolph, Bronaugh, Dolph & Simon*, for respondent:

The findings of the court are equivalent to the special verdict of a jury, and will not be disturbed unless manifestly contrary to the evidence. (*Moore* v. *Murdock*, 26 Cal. 525.) There being no bill of exceptions in the case, the evidence upon which the court below acted is not before this court. This court will presume that there was evidence to sustain the finding, unless the contrary affirmatively appears from the record. (*Fulton* v. *Earhart*, 4 Or. 61; *Nelson* v. *Lemmon*, 10 Cal. 49.) A widow is entitled to dower "of one third part of all the lands whereof her husband was seized of an estate of inheritance at any time during the marriage, unless she is lawfully barred thereof." (Mis. Laws, chap. 17, sec. 1.)

The land in controversy being a "donation claim," the title vested in fee-simple in the donors from the date of their settlement, or at least from the date of the act, subject

to be defeated by non-compliance with the conditions subsequent in the donation act expressed. (Civ. Code, sec. 329; *Dolph* v. *Barney*, 5 Or. 201; *Lee* v. *Summers*, 2 Or. 266; *Chapman* v. *School District No.* 1, 1 Deady, 113; *Lamb* v. *Davenport*, 1 Saw. 632; *Fremont* v. *United States*, 17 How. 559.) There is no pretense in this case that the conditions of the grant were not subsequently complied with.

But it was contended in the court below that as Charles McKay, the husband of plaintiff, died May 28, 1873, and the donation claim did not issue until April 16, 1875, by reason whereof plaintiff would have taken a child's portion of the husband's half of the claim, under the provisions of sections 4 and 7 of the donation law, if the husband had not alienated the land in his life-time, therefore she is not entitled to dower in the land. There is no reason why a widow may not accept the beneficence of the general government, and also assert her otherwise undisputed right under the laws of the state.

As the residence and cultivation required by law were completed long prior to the alienation of the land, the husband had a fee-simple title to it, when it was sold, and the wife not having joined in or acknowledged the deed, is not barred of her dower therein.

By the Court, WATSON, J.:

Before examining the assignments of errors set out in the notice of appeal, it is necessary for us to pass upon the objections made for the first time in this court to the sufficiency of the complaint, and to the jurisdiction of the court below over the subject-matter of this action. It has been the practice of this court to consider the objections; that the court below had not the jurisdiction of the subject-matter, and that the complaint does not state facts sufficient to constitute a cause of action or suit, whether they are assigned as errors in the notice of appeal or not.

With these exceptions this court can only look into the errors assigned in the notice of appeal. (*Dolph* v. *Nickum*, 2 Or. 202.)

It is claimed by appellant that dower which has not been

assigned to the widow is not such an estate as that she can recover it in an action at law. While there is some conflict in the authorities on this question, we think that were it to be settled by the rules of the common law, aside from the provisions of our statute the theory of appellant would be found in accordance with the weight of authority. We are of the opinion, however, that our statutes make a full provision for the recovery of dower without reference to the rules of the common law.

Section 8, of title 1, of chapter 17 of the General Laws of Oregon, page 585, provides that "when a widow is entitled to dower in the lands of which her husband died seised, and her right to dower is not disputed by the heirs or devisees, or any person claiming under them, or either of them, it may be assigned to her, in whatever counties the land may lie, by the county court of the county in which the estate of the husband is settled," etc.

Title 1, of chapter 17, makes no provision for any assignment of dower by the county court where the right of the widow is disputed, and makes no provision for the trial of such dispute by the county court. Section 328 of the civil code clearly recognizes dower before admeasurement as such an estate as that the action provided by title 1 of chapter 4 of the code of civil procedure may be maintained by the tenant in dower to recover possession of it, with damages for withholding it. The section goes on and provides for a stay of execution on a judgment rendered in such action until the admeasurement of the dower therein recovered.

Section 324 of the code provides that in an action brought for the recovery of dower before admeasurement, or by one tenant in common against another, "the plaintiff shall show, in addition to the evidence of his right of possession, that the defendant either denied the plaintiff's right, or did some act amounting to such denial." That is the only restriction. If the right is not denied, no adjudication is necessary to establish it, and the admeasurement may be made by the county court. This brings us to the consideration of the objection made that the complaint does not

state facts sufficient to constitute a cause of action, in that it does not sufficiently describe the estate of the plaintiff, and that it does not allege that defendant denied the right of plaintiff to dower.

We think that mere uncertainty in the description of plaintiff's estate should have been pointed out by demurrer in the court below, and was waived by answering over, but we also think that the complaint was sufficient in this respect, even if attacked by a special demurrer. Section 315 of the code provides what the complaint shall contain: "The plaintiff in his complaint shall set forth the nature of his estate in the property, whether it be in fee for life, or for a term of years, and for whose life or the duration of such term." The complaint in this case alleges "that she, the plaintiff, is seised of an estate in dower for her own life." This description of the estate contains every requisite prescribed by the statute, and is sufficient. It is objected that the complaint should allege that defendant denied plaintiff's right. If this were necessary, we think the complaint sufficiently does so when it states " that plaintiff has demanded possession from defendant, and that he wrongfully withholds the same " to prevent its being obnoxious to a general demurrer. We do not think, however, that this is a matter which is necessary to plead in addition to the allegation that defendant wrongfully withholds the possession of the premises from the plaintiff. The first error assigned in the notice of appeal is that the court below erred in certain of its findings of fact. This court cannot review the findings of fact of the court below. They are as conclusive as the special verdict of a jury.

The second error assigned is that the court below erred in its conclusion of law from the facts stipulated and found, that the plaintiff was entitled to dower in the two hundred-acre tract described in stipulated fact No. 6. In passing upon this assignment of error it becomes necessary for us to decide the question whether or not the widow of a donation settler who has complied with the conditions of the fourth section of the donation law, so as to entitle him to a patent for the tract claimed by him, and who dies before the issue

of the donation certificate or patent therefor, is entitled to dower in such tract. The decision of this question depends upon the construction of the statute of this state regulating dower, and of section 4 of the donation law.

Section 1 of title 1 of chapter 17 of the general laws of Oregon provides: "That the widow of every deceased person shall be entitled to dower, or the use during her natural life of one third part of all the lands whereof her husband was seised of an estate of inheritance, at any time during marriage, unless she is lawfully barred thereof." This section is clear, plain and direct in its language. There is no necessity for construction. If a settler who has complied with the conditions of section 4 of the donation law, so as to entitle him to a patent of the tract claimed by him, is seised during marriage of an estate of inheritance, without the issue of the donation certificate or patent, then it follows, of course, that in the event of his death his widow is entitled to her dower, unless she is lawfully barred thereof by her own act. Is such a settler seised of an estate of inheritance? Section 329 of the code of civil procedure contains a legislative construction of the donation law which is, we think, applicable to the case. It provides that in an action at law for the recovery of possession of real property, if either party claims the property, as a donee of the United States under the donation law or its amendments, such party from the date of his settlement thereon, as provided in said acts, " shall be deemed to have a legal estate in fee in such property, to continue upon condition that he perform the conditions required by such acts, which estate is unconditional and indefeasible after the performance of such conditions."

This legislative construction is binding on this court, unless it has been overruled by the courts of the United States. It has not only not been overruled, but has been uniformly adopted by these courts whenever the question has been before them. (*Chapman* v. *School District No.* 1, 1 Deady, 113; *Adams* v. *Burke*, 3 Saw. 416; *Lamb* v. *Davenport*, 1 Id. 632.) An estate in fee being necessarily an estate of inheritance, we are of the opinion that the widow, in this case, was entitled to her dower by express provision

of the statutes of this state. If that provision were not too plain to leave any room for construction, it might be added that the right of the widow to dower in her husband's donation claim, in cases where he died after a compliance with all of the conditions of the law so as to entitle him to a patent, but before its issue, has been generally recognized by the profession, and acted upon by the courts of the state until it has become a rule of property which ought not to be disturbed upon any doubtful construction of the law.

The decision and judgment of the court below must be affirmed.