CHARLES W. LOVE, APPELLANT, v. MARY A. J. LOVE,
RESPONDENT.

DONATION ACT—FINAL PROOF—DOWER.—The widow of a donee holding
under the fourth section of the donation act, when such donee dies be-
fore final proof is made, is entitled to dower in her husband's half of the
claim.

IDEM—HUSBAND'S ESTATE, How DESCENDS.—When such donee dies after
four years' residence and cultivation, but before final proof is made, his
widow is entitled to an equal portion with the children or heirs of the
deceased, in fee, and to dower in the remaining portion which descends
to the children or heirs.

APPEAL from Lane County. The facts are stated in the
opinion.

*W. G. Piper and John Kelsay,* for appellant:

A party can not be the owner in fee of land, and at the
same time have dower in it. The dower will be merged in
the fee. (2 Blackstone's Commentaries, 130.) "Dower is
for the sustenance of the wife and the nurture and educa-
tion of the children." (1 Wash. on Real Prop. 170.) One
half of the donation is given to the widow in her own right;
the other one half is disposed of by this act without dower
attaching, especially when the husband dies before patent
issues, and before final proof. Dower cannot attach to a
donation claim until all the conditions have been complied
with. (1 Deady, 113; 5 Or. 202.) Dower is a continuance
of the husband's interest and estate. (1 Wash. on Real
Prop. 179; 5 Or. 204; 1 Sawyer, 253; Id. 273; 4 Or. 155.)
Where a donation claimant dies before patent issues, and
before final proof, the land does not descend to his heirs
as such, but to the person designated in the act. (1 Deady,
358; 13 Wall. 428.) Residence, cultivation, and final proof
are absolutely necessary conditions to be complied with be-
fore a donation claim ceases to be an estate upon condition.
If such be the law, then dower does not attach. (1 Deady,
113.)

Section 4 of the donation law reads as follows: "And if
either shall have died before patent issues (speaking of hus-
band and wife), the survivor and children or heirs of the

deceased shall be entitled to the share or interest of the deceased in equal portions." If they take an equal portion and not by descent from the deceased, but by purchase as the donees from the United States, then the widow or respondent in this case can take no dower, as that makes an inequality. (1 Deady, 382.) In 2 of Oregon, 32 and 33, the court held that dower did not attach to a donation claim until the conditions of the act had been complied with. Final proof is a condition. Dower will not attach to an equity. (2 Or. 34.)

In this case there can not be dower and fee in the respondent. Dower merges in fee. "A merger takes place when there is a union of the freehold or fee and the term in one person in the same right and at the same time. The greater estate merges and drowns the less, and other terms become extinct because they are inconsistent, and it would be absurd to allow a person to have two distinct estates immediately expectant on each other." (4 Kent Com. 99). "As a general principle, dower is liable to be defeated by every subsisting claim or incumbrance in law or equity existing before the inception of the title." (4 Kent, 51, 52; 16 Ill. 122; Lambert on Dower 23; 15 Johns. 458.) Where a greater and less estate coincide and melt in one and the same person without any intermediate estate, the less is merged, that is, sunk. Hence we say that dower and an estate in fee cannot descend and vest in the respondent at the same time. That dower is merged and no longer exists is clear. (2 Black Com. 177; 1 Johns. Ch. 417; 3 Mass. 172; 10 Vt. 293; 8 Watts Penn. 146.)

The respondent does not ask for dower in her answer, and the court erred in granting such dower, there being no allegation to that effect. Title cannot be inferred; it must be alleged and proved from the pleadings. (Code, chap. 5, sec. 420, and sec. 5, subd. 3; 4 Or. 30.)

*Thompson & Bean,* for respondent:

The settlement, residence upon, and cultivation of said premises by said Hugh Love and respondent as required by the donation law, and the death of Hugh Love after the

compliance with the provisions of said law, and before patent or a certificate for a patent issued, is admitted by the pleadings and stipulations of this cause; therefore, respondent, the surviving widow of said Hugh Love, is entitled to a child's portion, or to share equally with the children or heirs of said deceased, in his half of said donation claim. (Donation act, sec. 4; *Dolph* v. *Barney*, 5 Or. 204; *Lamb* v. *Starr*, 1 Deady, 357). The widow of every deceased person should be entitled to dower, or the use during her natural life, of one third part of all lands whereof her husband was seised of an estate of inheritance, at any time during marriage, unless she is lawfully barred thereof. (Misc. Laws, chap. 17, sec. 1.) A settler, under the donation law, is seised of an estate of inheritance; therefore his widow is entitled to dower. (Civ. Code, sec. 329, p. 178; *Chapman* v. *School Dist. No.* 1, 1 Deady, 113; *Adams* v. *Burke*, 3 Saw. 416; *Lamb* v. *Davenport*, 1 Saw. 632; *Dolph* v. *Barney*, 5 Or. 201; *McKay* v. *Freeman*, 6 Or. 456.)

This court has decided that if a donation claimant, under the fourth section of the " donation law," complies with the conditions of the act so as to entitle him to a patent, and then dies before the issue of donation certificate or patent, his widow is entitled to dower in the tract. (*McKay* v. *Freeman*, 6 Or. 449.) The effect of a judgment or decree in partition is to be determined by the statute and met by the common law. (*Bybee* v. *Summers*, 4 Or. 356; *Morenhout* v. *Higuera*, 32 Cal. 289; *Kester* v. *Stark et al.*, 19 Ill. 328; 1 Washburne on Real Property, 580; *Waterman* v. *Lawrance*, 19 Cal. 210.)

The court, in a suit for partition, must determine the rights of the parties, plaintiff as well as defendant, from the facts presented, and make a decree accordingly. (Civ. Code, chap. 5, secs. 425, 426; Freeman on Judgment, sec. 304.) It is not essential that respondent's title be distinctly averred. It is sufficient if it may be fairly inferred from the facts stated. (*Webber* v. *Gage*, 39 N. H. 182; Story's Equity Pleadings, sec. 730; *Green* v. *Palmer*, 15 Cal. 414; *De Uprey* v. *De Uprey*, 27 Cal. 335.)

A prayer for general relief is sufficient, and will entitle

the respondent in this action on the final hearing to such a
decree as her case may warrant.   (Story Equity Pl. sec. 40;
*Humphrey* v. *Foster*, 13 Gratt. Va. 653; *McGlothlin et al.* v.
*Hemery et al.*, 44 Mo. 350; *Rollins* v. *Forbes and wife*, 10 Cal.
299; *Wilkins* v. *Wilkins*, 1 Johnson Ch. 110.)

By the Court, BOISE, J.:

It appears from the admitted facts in this case that the
respondent was the wife of Hugh Love, who with her, in
1852, took a land claim in Lane county, in this state; that
they resided on and cultivated the same until the death of
Hugh Love, in 1861; that at the time of the death of Hugh
Love, final proof had not been made so as to entitle said
Hugh Love and wife to a patent from the government, al-
though at that time the residence and cultivation required
by section 4 of the act of the twenty-seventh of Septem-
ber, 1856 (called the donation law), had been completed.
Afterwards Mary Love, the respondent, made the necessary
proof, and in 1866 the patent was duly issued.   At the time
of his death Hugh Love left surviving him two children and
his widow, Mary Love.   Afterwards Mary Love purchased
the interest of one of the children, Hannah Browning, and
received a deed for her interest in said south half of said
donation land claim, which south half was set off to the
heirs of said Hugh Love.

This being a suit for a partition of this land, it is incum-
bent on the court first to determine who are the owners
thereof.   (Statutes, p. 199, sec. 425.)   The first question to
be determined is: Who, under the facts as set forth, are
the owners of said south half?   Section 4 of the donation
law provides that "in all cases where married persons set-
tling under the provisions of said section have complied
with the provisions of the act so as to entitle them to the
grant, and either shall have died before patent issues, the
survivor and children or heirs of the deceased shall be en-
titled to the share or interest of the deceased in equal pro-
portions, except in case of a will.   Hugh Love and wife, at
the time of his death, had completed the four years' residence
required by the act.   But in order to entitle them to a

patent it was necessary, as provided in section 6 of said act, that they should make proof of the fact of four years' residence and cultivation required by said act.    This not being done, they were not entitled to a patent.    Afterwards the widow made the proof and became entitled to one half of the claim, and of one third of the other half, as no patent had issued or could issue until the proof was made.    We think the rule is that the land, on the death of a settler before he is entitled to a patent, by reason of not having fully performed the residence and cultivation and made the proofs, descends to the widow and children, as heirs, in equal proportions.    For a patent will not relate back so as to bar the right of the widow to hold as survivor, any further than to the time when the patentees had performed all the conditions precedent, so as to entitle them to it, which conditions required proof of the facts of residence and cultivation in addition to the residence and cultivation themselves. The amendment to the land law of July 17, 1854, which repealed the proviso of said fourth section "that all future contracts by any person or persons entitled to the benefit of this act for the sale of the land to which he or she may be entitled under this act, before he or they have received a patent therefor, shall be void," we think so far modified the rights of parties holding under said section as to subject the land to the local laws of the territory, and cause them to descend under such laws where the parties had in all respects complied with the law so as to entitle them to a patent.    That is, that a patent when issued relates back to the time when it should have issued; that is, to the time when full and satisfactory proof had been made; and that from that time the land would descend as provided by our statute of descent.    In *Dolph* v. *Barney*, recently decided in the United States supreme court, it is held that the amendment of July 17, 1854, has modified the donation law in this behalf.    In the case before us the final proof was not made until after the death of Hugh Love.    Mary Love took by survivorship one third of said south half of said land.    Then having purchased one third from Mrs. Browning, she would own the fee in two thirds of the land, and her right of

dower in that third would be merged as well as in the third coming by survivorship.

The only remaining question is whether Mary Love is entitled to dower in the remaining one third of the land claimed by the appellant, Charles Love. This must be determined by the construction of the statute. Page 584, section 1, provides, "That the widow of every deceased person shall be entitled to dower, or the use during her natural life of one third part of all the lands whereof her husband was seised of an estate of inheritance at any time during the marriage, unless she is lawfully barred thereof." It has been held by this court, in the case of *Dolph* v. *Barney,* that a grant to a settler under the donation act is a grant *in præsenti* of an estate in fee, and this holding was affirmed in the same case by the supreme court of the United States. So the question is settled that one holding under the donation law became, from the time of filing his notification in the land office, seised of an estate of inheritance, which is an estate to which dower attaches, under the provisions of the statute. That this estate was subject to be defeated by the failure of the settler to comply with the conditions of the grant, did not prevent the right of dower from attaching to it, for until such failure, it was subject to be possessed and enjoyed in the same manner as though there were no conditions to be performed. It has been decided in this court (*McKay* v. *Freeman,* 6 Or. 449) that where a donation claimant, under the fourth section of the act, died before making final proof, but after four years' residence and cultivation, his widow was entitled to dower in his half of the claim, and the decision in that case is decisive of this, as far as the question of dower is concerned.

The questions above discussed embrace all the points necessary to be considered in this case, and the decree of the circuit court will be affirmed with costs.