Submitted on Briefs March 31; reversed and remanded
May 11, 1948

## IN RE GOING'S ESTATE, GOING v. HOLDER

193 P. (2d) 529

*Elbert Eastman,* of Portland, for appellant.

*Bardi G. Skulason,* of Portland, for respondents.

BRAND, J.

This is an action brought by Alfred F. Going, based on his claim of curtesy as widower of Ida May Pemberton Going, deceased. He seeks to recover possession of real property and damages on account of the withholding thereof. From the pleadings and stipulated facts we learn that the petitioner, Alfred Going and the decedent were husband and wife. During the marriage they lived on Lot 21, Block 13, Goodmorning Addition to East Portland in Multnomah County, Oregon. The wife as owner of the property conveyed it by quit claim deed to Rose Hilma Murphy, her daughter by a former marriage. The husband did not join in the deed. The daughter conveyed the property to the respondents Holder. The wife died. The husband was appointed administrator of her estate and immediately thereafter brought this proceeding against the respondents Holder for the purpose of enforcing his right to a curtesy interest in the land. In obedience to a citation the respondents appeared and answered.

O. C. L. A., § 17-401 provides that:

"The widower of every deceased person shall be entitled, as tenant by the curtesy, to the use, during his natural life, of one-half part of all the lands whereof his wife was seized of an estate of inheritance at any time during his marriage, although such husband and wife may not have had issue born alive, unless he is lawfully barred thereof. Estates by the curtesy may be admeasured, assigned and barred in the same manner that dower may be admeasured, assigned and barred; and, as far as practicable, all other laws of this state applicable to dower shall be applicable, in like manner and with like effect, to estates by the curtesy."

The right to curtesy is therefore controlled by the

statutes concerning dower. O. C. L. A., § 17-201 provides that:

> "When a widow is entitled to dower in the lands of which her husband died seized, and her right to dower is not disputed by the heirs or devisees, or any person claiming under them or either of them, it may be assigned to her in whatever counties the lands may lie, by the county court of the county in which the estate of the husband is settled, upon application of the widow * * *"

That section by its express terms applies only when the owner of the property dies seized thereof and under that section when the right is not disputed, the county court of the county "in which the estate of the husband is settled" may upon application of the widow have her dower assigned to her by the probate court. The property becomes a part of the estate of a decedent when he dies seized thereof and it is therefore to be administered upon by the probate court. It was therefore a prerequisite to action under this section that probate proceedings be instituted. When an administrator is appointed he becomes entitled to possession and control of the property of the deceased, both real and personal. O. C. L. A., § 19-301. But petitioner did not, as administrator become entitled to possession of the property in this case because it was not property of the decedent. Under O. C. L. A., § 17-201 application for assignment of dower is not made by the administrator but "upon application of the widow". It follows that if the case comes under the provisions of that statute, the proceedings should properly be brought by the widower.

Apparently attempting to proceed under this section the petitioner secured an order appointing himself administrator and immediately filed his petition in the

circuit court, probate department, entitled "Petition for Assignment of Curtesy to Widower". The petition alleges that the decedent died seized of the property but the stipulation of facts show that she did not. It follows that the case is not controlled by O. C. L. A., § 17-201. Since the decedent had conveyed all of her interest in the property before her death, the property never became a part of her estate and there was no reason for petitioner to work out his rights through the probate department. It remains to be determined whether some other procedure was available to him.

The defendant has acted throughout on the theory that the proceeding in the probate department was instituted by Going as administrator and not as widower. If the petitioner is suing as administrator, he certainly had no right to the remedy which we are about to consider, but we think it clear that the proceeding was brought by the petitioner as widower. Neither the original complaint nor the answer contains any mention of the appointment of an administrator, or suggests that the petitioner is acting as such. It is apparent that the petitioner thought he was proceeding under O. C. L. A., § 17-201 under which section the application must be made by the widower.

The petition alleges that Going and the decedent were husband and wife; that during her lifetime she was seized of the property in fee and that he is entitled to a reasonable curtesy. He demands that he recover possession of said premises for his own life, together with damages. This is not the language of an administrator but of a claimant and the proceedings sound in ejectment. The Code of Civil Procedure expressly provides for an action in the nature of ejectment which may be brought for the recovery of a dower or curtesy

interest in land before that interest has been admeasured. O. C. L. A., § 8-212 refers to actions for the recovery of dower before admeasurement. O. C. L. A., § 8-215 provides:

"In an action to recover the possession of real property by a tenant in dower, or her successor in interest, if such estate in dower has not been admeasured before the commencement of the action, the plaintiff shall not have execution to deliver the possession thereof until the same be admeasured, as follows:"

The statute then provides for the entry of judgment in favor of the plaintiff, followed by an application for the appointment of referees to admeasure dower. If the court appoints referees they are to proceed to the admeasurement of dower and after the confirmation of the report of the referees the plaintiff may have execution for the delivery of the possession of the property according to the admeasurement thereof. Both of the foregoing sections are parts of the chapter entitled "Actions to Recover Real Property". The provisions of this act are based upon recognition of the rule asserted by the defendant that a widower has no right to the possession of the property before the admeasurement of the curtesy. *McKay v. Freeman,* 6 Or. 449, is directly in point. The husband, Charles McKay, took a homestead and thereafter conveyed a part of it to the defendant. His wife did not join in the deed. Thereafter the husband died and the widow brought ejectment in the circuit court. The original transcript of the proceedings, written in longhand in 1877, shows that the trial court first determined the right to dower, then, upon application, appointed referees to admeasure the same, and after confirmation of the report of the referees the plaintiff was put into

possession. On appeal to the Supreme Court the judgment was affirmed. The court said:

"It is claimed by appellant that dower which has not been assigned to the widow is not such an estate as that she can recover it in an action at law. While there is some conflict in the authorities on this question, we think that were it to be settled by the rules of the common law, aside from the provisions of our statute the theory of appellant would be found in accordance with the weight of authority. We are of the opinion, however, that our statutes make a full provision for the recovery of dower without reference to the rules of the common law."

The court refers to section 8 of title 1, chapter 17, General Laws of Oregon which now appears as the first portion of O. C. L. A., § 17-201, quoted supra. It then states that that portion of the section quoted makes no provision for the assignment of dower by the county court where the right of the widow is disputed and makes no provision for the trial of such dispute by the county court. The court then refers to the provisions which now appear as O. C. L. A., § 8-215, formerly section 328 of the civil code. We quote:

"* * * Section 328 of the civil code clearly recognizes dower before admeasurement as such an estate as that the action provided by title 1 of chapter 4 of the code of civil procedure may be maintained by the tenant in dower to recover possession of it, with damages for withholding it. The section goes on and provides for a stay of execution on a judgment rendered in such action until the admeasurement of the dower therein recovered."

■ Since the pleadings show that this proceeding is not brought by the administrator, and since the stipulation shows (1) that the petitioner had a right of

curtesy, (2) that he could not enforce it under the provisions of O. C. L. A., § 17-201 and (3) that he was entitled to proceed under title 8, chapter 2 of the code concerning actions to recover real property, and particularly under O. C. L. A., §§ 8-212 and 8-215, it becomes necessary to determine whether the petitioner's right to a trial on the merits must be lost because of his errors in pleading and misconception of remedy.

■ It is unnecessary to quote at length from the statute, Laws of 1919, chapter 59, which abolished the county court and the office of county judge in Multnomah County, and vested jurisdiction of probate matters in the circuit court, and created a probate department of that court. The sections of that act, listed consecutively, now appear as O. C. L. A., §§ 93-230, 93-231, 93-310, 13-207, 93-232, 13-208, 93-233, 93-239, 93-234. This case was filed in the circuit court. O. C. L. A., § 13-207 provides that probate matters shall be automatically assigned to the department of probate. In view of the allegation of the complaint that the decedent died seized of the property and in view of the fact that the petition was entitled "In the Circuit Court of the State of Oregon for the County of Multnomah Probate Department", the petition was automatically assigned to that department but the parties have stipulated themselves out of probate jurisdiction and into a situation entitling the petitioner to maintain ejectment under O. C. L. A., § 8-215. O. C. L. A., § 93-230 required the election of an additional circuit judge to sit in the probate department and O. C. L. A., § 93-231 provided that the judge of such department "shall, in addition to the duties in this act prescribed, perform the general duties of a judge of the circuit court." We think it was

within the power and jurisdiction of the circuit court judge of the probate department to permit an amendment to the title of the petition and a further amendment to conform to the stipulated facts so as to show that the decedent did not die seized of the property and the court might then proceed to try the case as an action of law for the recovery of property under O. C. L. A., § 8-215, or it might transfer the cause to another judge of the circuit court for such trial. Our conclusion is that the circuit court was right in refusing to try the case as a probate matter but erred in dismissing the case for want of jurisdiction. The case should be remanded to the circuit court with leave to both parties to amend, and in the event that the petitioner by amendment shows a cause of action in ejectment, the cause should be tried as such.

There is one matter covered by the stipulation, though not mentioned by the pleadings. The parties agreed that prior to any of the proceedings involved here, Rose Murphy, the grantee under the deed of Ida Going, brought ouster proceedings against the petitioner, Alfred Going, and that it was held that Rose Murphy had good title to the property and that Going was ousted. No issue of res judicata has been raised and in the present state of the record it is impossible to know whether the petitioner's right of curtesy was adjudicated in the ouster proceedings. We do know that unless and until his curtesy is admeasured he would have no right of possession. Upon demand, the circuit court will have jurisdiction to pass upon this issue if it is presented in the pleadings. The cause is remanded to the circuit court of Multnomah County for further proceedings in conformity with this opinion.

HAY, J., did not participate in this decision.