## Case No. 888.

### BANK OF ILLINOIS v. BRADY.

[3 McLean, 268.][2]

Circuit Court, D. Michigan. Oct. Term, 1843.

NEGOTIABLE INSTRUMENTS — INDORSEMENT — LEX LOCI CONTRACTUS—PLEADING—DEFECT WAIVED BY PLEADING OVER—DEMURRER.

1. A bill drawn and indorsed in Illinois, payable in New York, derives its character from the law of Illinois.

2. The law of the place of payment will regulate the interest; but the liability of the indorser depends upon the law of the place where the indorsement was made.

[See Boyce v. Edwards, 4 Pet. (29 U. S.) 111.]

3. The indorsement is a new contract, and, like all other contracts, is governed by the lex loci contractus.

[See Burrows v. Hannegan, Case No. 2,205; Lenox v. Wilson, Id. 8,247; Pomery v. Slacum, Id. 11,262. Contra, see, Mott v. Wright, Id. 9,883.]

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

[2] [Reported by Hon. John McLean, Circuit Justice.]

4. A defendant may waive a defect in a declaration by pleading, and if an issue be taken on the facts of the plea by the replication, the case must turn upon the issue so made. But, if the plaintiff demur to the plea, the court should look at the first defect in pleading.

[See Blossberg, etc., R. Co., v. Tioga R. Co., Case No. 1,563; Greathouse v. Dunlap, Id. 5,742; Wright v. Johnson, Id. 18,082; U. S. v. Central Nat. Bank, 10 Fed. 612; Clearwater v. Meredith, 1 Wall. (68 U. S.) 25; Aurora City v. West, 7 Wall. (74 U. S.) 82.]

[At law. Action by the Bank of Illinois against S. R. Brady to recover on a bill of exchange. On demurrer to a plea. Sustained.]

Mr. Walker, for plaintiff.
Mr. Talbott, for defendant.

OPINION OF THE COURT. This action is brought on a bill of exchange, drawn by Louis T. Jamison, dated 21st February, 1837, at Chicago, Illinois, on Richard Oakley, of the city of New York, four months after date, for value received, payable to the order of the defendant, at the Phenix Bank in the city of New York, for the sum of twenty-five hundred dollars—which bill was indorsed by the defendant to the plaintiff. The defendant pleaded, first, that suit was not commenced by the plaintiff as assignee against the drawer of the bill, as required by the statute of Illinois, and therefore that the plaintiff cannot sustain this suit. Second, that the time of payment was extended by the plaintiff for a valuable consideration. On the second plea, the plaintiff takes issue, and demurs to the first plea. As cause of demurrer, it is alleged that the bills of exchange set forth in the declaration were payable in the city and state of New York, and the validity, nature, and obligation of the defendant's indorsement thereof must be governed by the law of the state of New York, and not of the state of Illinois.

2d. That this court will take judicial notice of the laws of Illinois, and it appearing on the face of the declaration that the bill of exchange was drawn and indorsed in Illinois, the declaration should have been demurred to. There can be no question that the indorser is liable under the law of the state in which the indorsement is made. He undertakes that the drawer or acceptor of the bill shall pay it, at the time and place designated on the bill, and if he shall fail to do so, the indorser binds himself to pay the bill, with damages, provided the legal steps to make him liable shall have been taken. The indorsement is a new contract, and, like every other contract, is governed by the lex loci. The bill before us was payable in New York, and the law of New York consequently fixes the rate of interest which the holder of the bill may recover against all who are parties to it; but the character of the bill, and the liability of the defendant as indorser, are regulated by the local law. Story, Confl.

Laws, § 314. The second section of the act of Illinois [St. Ill. 1834–37, p. 526] in relation to promissory notes, &c. gives the right to an assignee to bring an action in his own name against the indorser, "if he shall have used due diligence by the institution and prosecution of a suit against the maker or makers of such assigned note or other instrument of writing," &c. unless it be shown that such suit would have been unavailing. No such diligence is averred in the declaration, and it is consequently bad. The plaintiff, in the replication to the defendant's first plea, should have set out and averred this diligence.

In regard to the second cause of demurrer, although the declaration was defective, the defendant was not bound to demur to it. By pleading specially, the defendant waived the defect in the declaration; and had the plaintiff replied as above suggested, the case would have turned upon the issue thus joined. But the demurrer to the plea carries the court back to the first defect. The plea in bar is good upon its face. The demurrer is sustained.