# THE SUPREME COURT

OF

# OREGON.

## OCTOBER TERM, 1885.

[Filed October 12, 1885.]

## GEO. A. DAVIS *v.* T. B. WAIT.

BILL OF EXCHANGE—CONSIDERATION—FAILURE OF.—Partial failure of consideration may be set up to an action on a bill of exchange, and the defendant may recoup his damages though they be unliquidated.

ID.—INDORSEE WITH NOTICE.—The right of an indorsee with notice of failure of consideration cannot be superior to that of his indorser.

PLEADING—WAIVER OF DEFECT IN.—A defective statement of facts in a pleading is waived by joining issue upon them.

MARION COUNTY. Defendant appeals. Reversed and new trial ordered.

Action on a bill of exchange indorsed before maturity, drawn on the defendant July 23, 1883, at nine months, by Fish Bros., of Racine, Wisconsin, and accepted by defendant. Defense, partial failure of consideration, known to the plaintiff when he took the draft, pleaded as follows: "That the plaintiff before he claims to have received said draft by indorsement had notice and knowledge of the terms of the contract and agreement

between Fish Bros. & Co. and the defendant, and of its viola-
tion by the former in the respect hereinbefore set out." This
allegation was denied in the reply.

The court instructed the jury that " the plaintiff having
notice of said claim of damages and defects before he purchased
the bill, if he did purchase it, would not affect his right to
recover, provided he purchased it before it became due. There
being no allegation of fraud in obtaining the bill, the question
of notice is not material, provided the bill was purchased for
value, in the usual course of business, before it became due."
Verdict for plaintiff.

*William M. Ramsey,* for Appellant.

If the plaintiff at the time he received the bill had notice of
the consideration for which it was given, and that it had par-
tially failed, he took it subject to all defenses existing against it
in the hands of the drawers. (Story Promissory Notes, § 190 ;
1 Daniel Neg. Inst. § 789; Code, § 28, p. 110.) If the
holder of a bill of exchange, the consideration for which was an
executory contract, take it with knowledge of a breach of the
contract by the drawee of the bill, he cannot recover. (1 Wait
Action and Defenses, 608, 617 ; 1 Parsons Notes and Bills, p.
258; *Wagner* v. *Deidrich,* 50 Mo. 484; *Coffman* v. *Wilson,* 2
Met. (Ky.) 542 ; *Bowman* v. *Van Kuren,* 29 Wis. 218 ; *Davis*
v. *McCready,* 17 N. Y. 230; *Croix* v. *Sibbetts,* 15 Pa. St. 238 ;
1 Field Lawyer's Briefs, § 632, and cases there cited.) If pur-
chaser for value before maturity of a note has knowledge that
the consideration has failed, he takes it subject to that defense.
(*Rumsey* v. *Leek,* 5 Wend. 20, 21 ; *Herrick* v. *Carman,* 12 Johns.
159, 160; *Olmstead* v. *Stewart,* 13 Johns. 239, 240.) The title
of the holder of a negotiable bill of exchange acquired before
maturity, is not protected against prior equities of the antecedent
parties to the bill when it was taken with knowledge of the
equities. (*Goodman* v. *Simonds,* 20 How. 343; *Brown* v.
*Spofford,* 95 U. S. 474; 1 Daniel Neg. Inst. p. 645.) A
partial failure of consideration is a good defense *pro tanto*
to a note or bill in the hands of a person who took it

with notice, although founded on a claim for unliquidated damages. (*Withers* v. *Green*, 9 How. 214, 220.) A note or bill, received by a person with notice of any fact which would impeach it in the hands of the payee or drawee, is not "transferred in good faith" within the meaning of section 28 of the Civil Code. (2 Daniel Neg. Inst. pp. 645, 646.) The counterclaim mentioned in section 72 of page 120 of the Civil Code of Oregon is comprehensive in signification. It includes recoupment and set-off. It embraces all sorts of claims which a defendant may have against the plaintiff. (Waterman Set-Off, §§ 590, 598; *Xenia Branch Bank* v. *Lee*, 7 Abb. Pr. 379; *Gleason* v. *Moen*, 2 Duer, 638.)

*Mark A. Fullerton*, for Respondent.

Negotiable instruments, of the nature of this bill of exchange, are commercial paper in the strictest sense, and must ever be regarded as favored instruments, as well on account of their negotiable quality as their universal convenience in mercantile affairs. (*Collins* v. *Gilbert*, 94 U. S. 753.) A *bona fide* holder of a negotiable instrument for a valuable consideration, without notice of the facts which impeach its validity as between antecedent parties, if he takes it under due indorsement before the same becomes due, holds the title unaffected by these facts, and may recover thereon, although as between the antecedent parties the transaction may be without any legal validity. (*Swift* v. *Tyson*, 16 Peters, 1, 15; *Goodman* v. *Simonds*, 20 How. 344–364; *Gilbert* v. *Collins, supra;* 1 Parsons Contracts, p. 288, 7th ed. and cases cited.) Suspicion of defect of title, or knowledge of circumstances which would excite suspicion in the mind of a prudent man, or even gross negligence on the part of the taker at the time of the transfer, will not defeat his title. That result can only be produced by bad faith on his part. (*Hotchkiss* v. *National Bank*, 21 Wall. 354–359; *Murray* v. *Lardner*, 2 Wall. 110–121; *Seybel* v. *Currency Bank*, 54 N. Y. 288; *Shreeves* v. *Allen*, 79 Ill. 553; *McSparran* v. *Neeley*, 91 Pa. St. 17; *Frank* v. *Lilienfeld*, 33 Gratt. 377; Gen. Laws Oregon, p. 110, § 28; p. 523, § 55.) This, also, is the English rule. (*Goodman* v.

*Harvey*, 4 Ad. & E. 870; *Uther* v. *Rich*, 10 Ad. & E. 784.) A party seeking relief from the payment of purchase money, on the ground of fraud, must distinctly allege fraud in the complaint, and relief on that ground will not be granted unless it be so distinctly alleged. (*Patton* v. *Taylor*, 7 How. 132–159; *Moore* v. *Green*, 19 How. 69–72; Bliss Code Pleading, § 211; Pomeroy Remedies, p. 730, § 687, 2d ed.; *Uther* v. *Rich*, 10 Ad. & E. 784.)

WALDO, C. J. — The answer set up a good defense of notice, and the court erred in the instruction which cut it off. Partial failure of consideration of a bill of exchange may be set up to an action on the bill, and the defendant may recoup his damages, though they be unliquidated. (*Withers* v. *Green*, 9 How. 224; *Stacy* v. *Kemp*, 97 Mass. 166; *Wyckoff* v. *Runyon*, 4 Vroom, 107.) If an indorsee take a bill with notice of the failure of consideration, his right to recover cannot be superior to that of his indorser. (*Herrick* v. *Carman*, 12 Johns. 159; 1 Par. Bills and Notes, 258.) Counsel for the plaintiff argued, however, that conceding error in the instruction, the defendant could not take advantage of it, because he had not properly alleged notice in his answer, in this, that he did not allege that the draft in suit arose out of the transaction on which the defendant founded his defense. The pleading is defective in the particular alleged, but the plaintiff waived the defect by taking issue on the facts alleged, as is shown in *White* v. *Spencer*, 14 N. Y. 247, and *Bank of Illinois* v. *Brady*, 3 McLean, 268. The judgment must be reversed, and a new trial ordered.

Judgment reversed.