Decided 21 January, 1908.

## BADE *v.* HIBBERD.

93 Pac. 364.

JUSTICES OF THE PEACE—APPEAL—RECORD—CONCLUSIVENESS—IMPEACH-
ING BY AFFIDAVITS.

1. Where the record of a justice's court states that a reply was filed in that court before trial, and the reply is attached to the justice's transcript and returned as one of the original papers in the case, the record cannot be impeached by *ex parte* affidavits because the justice failed to endorse on the reply the date of its filing.

FILING FOR RECORD—NECESSITY OF INDORSEMENT.

2. A paper is filed for record in contemplation of law when it is delivered to the proper officer with the intention that it shall become part of the official record, and by him received to be kept on file, and the filing is not affected by the officer's failure to indorse the paper as filed.

PLEADING—COMPLAINT—OBJECTION ON TRIAL—PRESUMPTION.

3. Where an objection to the sufficiency of the complaint is made for the first time on the trial by objecting to the reception of any evidence thereunder, the same presumption will be indulged in to support the pleading as if the objection had been made after verdict, and unless the complaint is so defective that it would not be good after verdict, the objection will be overruled.

SAME—INSUFFICIENT DESCRIPTION OF INSTRUMENT SUED ON—CURE BY
VERDICT.

4. An insufficient description of contracts on which suit is brought, is merely a defective statement of the cause of action, which would be cured by verdict.

ACTION—JOINDER—CAUSES ARISING UNDER CONTRACT.

5. Under the express provisions of Section 94, B. & C. Comp., more than one cause of action arising out of contract may be united in the same complaint, but must be separately stated.

PLEADING—SEPARATE CAUSES OF ACTION—SEPARATE STATEMENT—OB-
JECTION WHEN TO BE TAKEN.

6. The objection that separate causes of action are not separately stated cannot be raised during the admission of testimony, but should be taken by motion to strike out under Section 106, B. & C. Comp., providing that when a pleading contains more than one cause of action, if they be not pleaded separately, the pleading may be stricken out on motion of the adverse party.

CONTRACT—ACTION FOR BREACH—EVIDENCE.

7. In an action to recover a balance due for services and for merchandise sold, evidence examined, and *held* for the jury.

EVIDENCE—PAYMENT—PAYMENT BY CHECK—PAROL EVIDENCE TO EX-
    PLAIN.

8. A memorandum on a check received in payment of merchandise sold
that it is for the balance due on a particular item of indebtedness, is not con-
clusive on the seller, but may be explained by parol.

APPEAL—REVIEW—PRESUMPTION—PLEADINGS.

9. Where a complaint is indefinite as to the character of a contract sued
on, but contains averments which seem to imply that it was an express con-
tract, and no objection is made to the complaint until the trial, on appeal the
action will be construed as on an express contract.

CONTRACTS—RESCISSION.

10. The fact that defendant, after contracting with plaintiff to cut grain,
rented the land upon which the grain was to be grown to a tenant, who was to
pay for the cutting of the grain, did not operate as a rescission of his contract
with plaintiff, nor relieve him from liability thereon, since plaintiff was not
a party to the second contract.

TRIAL—EVIDENCE—ORDER OF PROOF—DISCRETION OF COURT.

11. Where defendant placed in evidence during plaintiff's evidence in chief,
a check given by defendant to plaintiff, containing a memorandum implying
that it was for the balance due on an item of plaintiff's claim, and introduced
evidence to show that plaintiff received the check without objecting to the
memorandum, the court could in its discretion allow plaintiff in rebuttal to
testify that the memorandum was not on the check when he received it.

From Union: THOMAS H. CRAWFORD, Judge.

Statement by MR. CHIEF JUSTICE BEAN.

This action was commenced in the justice's court to recover
money. The complaint alleges that between January and Sep-
tember, 1906, defendant became indebted to plaintiff in the
sum of $369.50 for work and labor in cutting 79 acres of grain
at the agreed price of $1.25 per acre, amounting to $98.75, and
for 285 sacks of wheat sold and delivered at 95 cents per sack,
amounting to $270.75, which defendant promised and agreed
to pay; that no part thereof has been paid, except by the deliv-
ery to plaintiff of 120,000 feet of saw logs, at the agreed price
of 85 cents per 1,000, amounting to $102, and by a check of
$187.40, leaving a balance due of $80, for which judgment is
demanded. Defendant by his answer denies all the material
allegations of the complaint, and for a further and separate
defense avers that on or about the 18th of October, 1906, he
and plaintiff had a full and complete settlement for cutting 15
acres of the grain, set out and included in the first item of the
complaint, at $1.25 per acre, and 285 sacks of wheat, mentioned

in the second item of the complaint, and it was then and there mutually agreed that the credits referred to in the complaint in the sum of $289.40 should be applied in full payment for cutting said 15 acres of grain, and for the 285 sacks of wheat, and for no other purpose. Plaintiff had a judgment for $80 in the justice's court, and defendant appealed to the circuit court. A transcript on appeal was filed in the circuit court; but, being incomplete and not properly certified, was, on motion of defendant, withdrawn and returned to the justice for correction and certification, and as again filed contained a copy of the justice's docket, showing that a reply was filed before the cause was set for trial, and annexed to the transcript is a reply, denying generally all the allegations of the answer, but which has no file marks thereon. Defendant moved the circuit court to strike such reply from the transcript, for the reason that it was not filed by the justice, and neither accompanied nor was referred to in the transcript as first filed in the circuit court. This motion was overruled, and trial had, resulting in judgment in favor of plaintiff, from which defendant appeals.

AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Charles H Finn.*

For respondent there was a brief and an oral argument by *Mr. Joseph F. Baker.*

MR. CHIEF JUSTICE BEAN delivered the opinion.

1. The motion to strike the reply from the transcript was properly denied. The record of the justice's court states that the reply was filed in that court before trial, and the justice attached such reply to the transcript and returned it as one of the original papers in the cause, and this record cannot be impeached by *ex parte* affidavits.

2. The fact that the justice failed to indorse on the reply the date of its filing is of no consequence. A paper is filed in contemplation of law when it is delivered to the proper officer with the intention that it shall become a part of the official

record, and by him received to be kept on file, and such filing is not affected by the officer's failure to indorse the same: *Mc-Donald* v. *Crusen,* 2 Or. 258; *Conant's Estate,* 43 Or. 530 (73 Pac. 1018).

3. On the trial, defendant objected to the admission of any testimony on behalf of plaintiff, for the reason that the complaint does not state facts sufficient to constitute a cause of action, and because two causes of action are improperly united. The objection to the sufficiency of the complaint being made for the first time on the trial, the same presumption will be indulged in to support the pleading as if the objection had been made after verdict: *Specht* v. *Allen,* 12 Or. 117 (6 Pac. 494); *McCall* v. *Porter,* 42 Or. 49 (70 Pac. 820, 71 Pac. 976); *Patterson* v. *Patterson,* 40 Or. 560 (67 Pac. 664); *Currey* v. *Butcher,* 37 Or. 380 (61 Pac. 631). Unless, therefore, the complaint is so fatally defective that it would not be good after verdict, the objection to the admission of testimony in its support was properly overruled.

4. The objection made to the complaint is that the contracts under which the services are alleged to have been rendered and the grain sold by plaintiff to defendant are not sufficiently set out; but this is manifestly nothing more than a mere defective statement of a good cause of action, and such as would be cured by verdict: *Booth* v. *Moody,* 30 Or. 222 (46 Pac. 884).

5. The causes of action mentioned in the complaint both arise out of contracts, and can be properly united in the same complaint: Section 94, B. & C. Comp.

6. The objection that they are not separately stated should have been taken by motion at the proper time (Section 106, B. & C. Comp.), and cannot be raised during the admission of testimony.

7. The plaintiff testified that he cut 79 acres of grain for defendant under a contract by which he was to receive $1.25 per acre, to be paid in logs at 85 cents per 1,000, and that he sold and delivered to him 285 sacks of wheat at 95 cents per sack; that he received of defendant, on account thereof, 120,000

feet of logs at 85 cents per 1,000, and $187.40 by check, and identified a check for that amount in his favor signed by defendant, which had, as a memorandum thereon, the words "balance on wheat"; that the logs received by him more than paid for cutting the grain, but that defendant had not paid in full for the wheat. At the close of plaintiff's testimony defendant moved for a nonsuit on the ground that since defendant admitted that the cutting of the grain had been paid by logs delivered to him by defendant, and the check received by him as a payment on the wheat, shows on its face that it was for the balance thereon, nothing remained due plaintiff on the causes of action set out in the complaint. But this motion was properly overruled.

8. While defendant testified that the value of the logs delivered to him by plaintiff, if applied on the account for cutting the grain, would overpay such account, he insisted that there was still a balance due on the wheat sold and delivered. The action is brought to recover a balance of $80, alleged to be due plaintiff from defendant on the two items mentioned in the complaint, and it can make no difference, so far as the ultimate rights of the parties are concerned, whether the value of the logs be applied on one or the other. The memorandum on the check that it was for the balance due on the wheat was not conclusive on plaintiff, but was subject to be explained by parol, and the weight to be given it was for the jury.

9. Plaintiff, over defendant's objections and exceptions, gave testimony tending to show that in January, 1906, he contracted with defendant to purchase from him some saw logs, thereafter to be cut, at 85 cents per 1,000, in consideration of which he agreed to cut certain grain for defendant during the following season at $1.25 an acre. Objection is made to this testimony, because it tends to show an express contract, while it is claimed the complaint is on a *quantum meruit*. The complaint is somewhat indefinite and uncertain as to the character of the contract sued upon; but it is averred that the work was to be done at an agreed price per acre, which would seem to imply that it

was under an express contract, and as no objection was made to the complaint until the trial, it should now be construed as an action on such a contract.

10. Defendant gave evidence tending to show that in May, 1906, after the making of the alleged contract with plaintiff, he informed him that he had leased the land upon which the grain was to be grown to one McCulloch, who was to pay for the cutting of the grain and all expenses of the farm after the 1st of March, 1906. Defendant claims that this amounted to a rescission of the contract between himself and plaintiff, and requested the court to so instruct the jury. A rescission of the contract is not pleaded as a defense, nor is the evidence referred to sufficient for that purpose. It is only to the effect that after the making of the contract with plaintiff, defendant leased the land upon which the grain was to be grown, and the tenant agreed to pay for the harvesting thereof; but this was a contract between the defendant and his tenant, to which the plaintiff was not a party, and did not relieve defendant from his liability on his contract with the plaintiff.

11. Complaint is also made because the court permitted plaintiff in rebuttal to testify that the words "balance on wheat," appearing on the check given to him by defendant and introduced in evidence, were not on such check at the time it was delivered; but this evidence was competent, and the order of proof was in the discretion of the trial court.

There are several other assignments of error in the record, but on examination we are satisfied that they are without merit. Judgment of the court below is affirmed.        AFFIRMED.