Argued October 14, affirmed November 24, 1914.

## WEISHAAR v. PENDLETON.

(144 Pac. 401.)

**Bills and Notes—Execution—Payable to Fictitious Person.**

1. Section 5842, L. O. L., provides that a note made payable to the order of a fictitious person is payable to bearer, if the person who makes it so payable knows that the payee is fictitious. *Held*, that where it was alleged and found that defendants executed a note to C., who was a fictitious person, and that the note was delivered to plaintiff, who paid value therefor, and that he was the holder, and no person other than plaintiff had ever owned or held the note, such findings were sufficient to sustain a judgment for plaintiff, in the ab-

sence of any further finding that the defendants did not know that the note had been executed to a fictitious person.

[As to effect of notes issued to fictitious payees, see note in 55 Am. Rep. 472.]

### Pleading—Complaint—Sufficiency After Verdict.

2. When a complaint has not been attacked by motion or demurrer, and contains allegations from which a fact necessary to be alleged may be inferred, it will be held good after verdict, though it would have been bad on demurrer, and every reasonable inference or intendment will be invoked to support it.

[As to when general verdict cures defects in pleading, see note in 1 Am. Dec. 210.]

### Bills and Notes—Action—Complaint—Findings.

3. An amended complaint in an action on a note alleged, and the trial court found, that the note was executed and delivered by the makers to plaintiff and that he paid value therefor, and that C., whose name appeared as payee, was a fictitious person; the note never having been delivered to him, and he never having had any interest therein. Defendant P., one of the makers, alleged that he had signed it for the accommodation of the other makers, by reason of their alleged misrepresentations, and that the payee was a fictitious person, but did not allege that he (P.) did not know the fact when he signed the note. *Held*, that it would be inferred from such findings that P. and the other makers of the note, when they executed it to plaintiff, knew that the payee was a fictitious person, and the findings were therefore sufficient to sustain a judgment for plaintiff.

### Trial—Trial to Court—Findings of Fact.

4. Where an action at law is tried to the court, the court of its own motion should make and file findings of fact covering the material issues raised by the pleadings; but, if either party desires findings on issues made by the evidence outside the pleadings, he must request the court to make such findings, and without such request error cannot be predicated on the court's failure to make them.

From Multnomah: HENRY E. McGINN, Judge.

This is an action by Andrew Weishaar against D. E. Pendleton, Wm. S. Flynn and N. F. Canavan, appellants, and Thos. Edgar, J. Susee and Jake Cole, to recover the amount due on a promissory note. There was a judgment for plaintiff and the defendants Pendleton, Flynn and Canavan appeal. The facts are set out in the opinion of the court.        AFFIRMED.

For appellants there was a brief and an oral argument by *Mr. Henry J. Bigger.*

For respondent there was a brief over the names of *Mr. A. B. Carter* and *Messrs. Latourette & Latourette,* with an oral argument by *Mr. J. R. Latourette.*

Department 1. MR. JUSTICE RAMSEY, delivered the opinion of the court.

The defendants Pendleton, Edgar and Susee, on the 23d day of October, 1912, made and delivered to the plaintiff a promissory note, of which the following is a copy:

"$400.00.        Portland, Oregon, October 23, 1912.

"Ninety days after date, without grace, I promise to pay to the order of Jake Cole, at the office of Fulton & Bowerman, at Portland, Oregon, four hundred and no/100 dollars in gold coin of the United States of America, of the present standard value, with interest thereon in like gold coin at the rate of 8 per cent per annum from date until paid, for value received, interest to be paid at maturity, and if not so paid the whole sum of both principal and interest to become immediately due and collectible at the option of the holder of this note; and in case suit or action is instituted to collect this note, or any portion thereof, I promise to pay, in addition to the costs and disbursements provided by statute, such additional sum in like gold coin as the court may adjudge reasonable for attorney's fees, to be allowed in said suit or action.

"THOMAS EDGAR.
"D. E. PENDLETON.
"J. SUSEE."

This action was brought upon said promissory note to recover the said sum of $400 and interest and attorney's fees, etc. The complaint is in proper form. The complaint contains, *inter alia,* the following allegations:

"That the name of Jake Cole appears in said note as the payee thereof, but that said note was never de-

livered to said Jake Cole, and said Jake Cole has not now and never had any interest therein; that said note was executed and delivered to the plaintiff herein, and that said plaintiff paid to the makers thereof, as consideration therefor, the sum of four hundred dollars ($400) upon delivery to him of said note by said makers; that said Jake Cole is a fictitious payee, and that plaintiff is now the lawful owner and holder of said note.''

The answer admits that the payee of said note is a fictitious person. The answer of the defendant Pendleton contains, *inter alia,* the following allegations:

''That on or about the 23d day of October, 1912, the defendants Thomas Edgar and J. Susee, agreeing, counseling and conspiring together to obtain from defendant D. E. Pendleton the sum of $400 for their own use and benefit, agreed to and did induce and persuade the said D. E. Pendleton to become a surety upon and sign a note for the sum of $400, payable to a person not living nor in existence, to wit, one Jake Cole, substantially as in said complaint particularly set forth.''

The defendant Pendleton does not allege that *he* did not know when he signed said note that ''Jake Cole'' was a fictitious person. The answer of the defendant Pendleton states that Edgar and Susee conspired together to obtain from him $400, for their own use and benefit, and represented to him that they owned a certain saloon in Portland, and that it was under attachment in an action then pending, and that the said property was about to be sold, and that said saloon property would be held as security for the repayment to him of the amount of said note for $400, so to be made and signed by him, and that said property was in fact then, he alleges, held under attachment by the sheriff of Multnomah County in an action then pend-

73 Or.—13

ing. The answer states, also, in substance, that the defendant Pendleton, relying upon said representations made by Edgar and Susee, signed said note, and that whatever money was advanced by the plaintiff to Edgar and Susee was so advanced with full knowledge on the part of the plaintiff of said representation, etc. The attempted defense stated in the answer is based on alleged representations which the defendant Pendleton avers were made to him by Edgar and Susee, with the knowledge of the plaintiff.

These allegations would hardly amount to a defense, if they were made and the plaintiff had knowledge thereof. They were denied by the reply. The case was tried by the court without a jury, and findings were filed in favor of the plaintiff, and a judgment was rendered in his favor and against the defendant Pendleton, and his sureties on the bond for the discharge of the attached property, for the amount due on said note, attorney's fees and costs and disbursements. The defendant Pendleton and his said sureties appeal.

The defendant Pendleton contends that the trial court erred in concluding, from the findings of fact, that the plaintiff was entitled to a judgment thereon against the defendant Pendleton, etc. There is no bill of exceptions, and the defendant does not appear to have asked the trial court to make any additional findings of fact.

The only question for decision is whether the complaint and the findings of fact are sufficient to support the judgment for the plaintiff. The following are the findings of fact:

"Findings of Fact.

"That on October 23, 1912, the defendants Thomas Edgar, D. E. Pendleton and J. Susee executed and

delivered to plaintiff their certain promissory note a copy of which is as follows:

" '$400.00.        Portland, Oregon, October 23, 1912.

" 'Ninety days after date, without grace, I promise to pay to the order of Jake Cole, at the office of Fulton & Bowerman, at Portland, Oregon, four hundred dollars in gold coin of the United States of America, of the present standard value, with interest thereon in like gold coin at the rate of 8 per cent per annum from date until paid, for value received, interest to be paid at maturity, and if not so paid the whole sum of both principal and interest to become immediately due and collectible at the option of the holder of this note; and in case suit or action is instituted to collect this note, or any portion thereof, I promise to pay, in addition to the costs and disbursements provided by statute, such additional sum in like gold coin as the court may adjudge reasonable for attorney's fees, to be allowed in said suit or action.        THOMAS EDGAR.

" 'D. E. PENDLETON.

" 'J. SUSEE.'

"That the name of Jake Cole appears in said note as the payee thereof, but that said note was never delivered to said Jake Cole, and that said Jake Cole has not now and never had an interest therein; and said note was executed and delivered to plaintiff herein, and that plaintiff paid as consideration therefor upon delivery the sum of $400; that said Jake Cole is a fictitious payee, and that plaintiff is now the lawful owner and holder of said note.

"That defendant D. E. Pendleton was induced to sign said note as a maker thereof by defendants Thomas Edgar and J. Susee, upon representations that said Thomas Edgar and J. Susee needed the money to release an attachment which was at that time levied against their saloon, and that as between the makers of said note D. E. Pendleton was an accommodation maker, but that plaintiff had no notice or knowledge of any representations or agreement as between the makers of said note, and that in purchasing said note he relied largely upon the signature

of defendant D. E. Pendleton, and was an innocent purchaser thereof, and was not a party to any undertaking or proceeding in any manner whatsoever to secure the signature of said D. E. Pendleton on said note.

"That no part of the principal sum or interest has been paid, excepting the sum of $43.60, which was paid on May 16, 1913, although plaintiff has demanded payment.

"That the sum of $25. is a reasonable sum to be allowed to plaintiff for his attorney's fee in this action."

The complaint alleges that the payee named in said promissory note is a fictitious person. The answer does not deny this allegation. The answer alleges, *inter alia:*

"That Edgar and Susee, conspiring together to obtain from the defendant Pendleton $400 for their own use and benefit, 'agreed to and did induce and persuade the said D. E. Pendleton to become a security upon and sign a note for the sum of $400, *payable to a person not living, nor in existence,* to wit, one Jake Cole, substantially as in said complaint particularly set forth.' "

The answer does not state that the defendant Pendleton did not know that "Jake Cole" was a fictitious person. There was no issue made or tendered in the pleadings as to whether the makers of said note knew that Cole was a fictitious person. The defendant alleges that the other makers of said note persuaded him to sign said note, which *was payable to a person not in existence,* to wit, "Jake Cole."

The trial court expressly found that the "defendants Thomas Edgar, *D. E. Pendleton,* and J. Susee executed and delivered to the plaintiff said promissory note." This finding conclusively shows that said

note was executed and delivered to the *plaintiff by Pendleton* and his comakers. It was not executed and delivered to some other person, and by that person transferred to the plaintiff. The defendant Pendleton executed and delivered it to the plaintiff, and the plaintiff was in fact the payee of the note, although it purported to be payable to the order of "Jake Cole," who was a fictitious person. The plaintiff was at all times the owner and holder of said note.

The court below expressly found that the said note was executed and delivered by the makers (including Pendleton) to the plaintiff, and that the plaintiff paid for said note *on delivery* thereof the sum of $400. These findings import that the note was executed and delivered by the makers thereof to the plaintiff, and that the plaintiff at the time of said delivery paid to the makers for said note $400. The court found, also, that the plaintiff, in receiving said note, relied largely upon the fact that it was signed by the defendant Pendleton. The court found, also:

"That the defendant D. E. Pendleton was induced to sign said note as maker thereof by the defendants Thomas Edgar and J. Susee upon representations that Thomas Edgar and J. Susee needed the money to release an attachment which was at that time levied against their saloon, and that as between the makers of said note D. E. Pendleton was an accommodation maker, but that plaintiff had no notice or knowledge of any representations or agreement as between the makers of said note."

The court found, also, that the plaintiff was not a party to any understanding or proceeding in any manner whatsoever to secure the signature of the defendant Pendleton to said note, and that the plaintiff is the owner and holder thereof. The findings show that the plaintiff had nothing to do with inducing

the defendant Pendleton to sign said note, and had notice or knowledge as to the representations that the other makers made to Pendleton to induce him to sign said note.

It is certain from the findings that the defendant Pendleton, and his comakers thereof, executed and delivered to the plaintiff said note, and that the plaintiff at the same time paid to the defendant Pendleton and his comakers, in consideration of their executing and delivering said note to him, $400. The makers of said note borrowed said money for the use and benefit of Edgar and Susee, to release their said property from said attachment lien. The plaintiff did not know what arrangements or representations were made by Edgar and Susee to induce Pendleton to sign the note, and the findings show that, in loaning said $400 to the makers of said note, the plaintiff relied largely on the fact that the defendant Pendleton had signed the note.

The defendant Pendleton does not allege in his answer that he did not know, when he signed said note, that "Jake Cole," the stated payee thereof, was a fictitious person. There was no issue upon the pleadings on that point, and the court below did not find in regard thereto. It does not appear that the defendants asked the court to make a finding on that point. The defendant Pendleton in his brief says:

"Pendleton having signed said promissory note upon the belief that Jake Cole was a real person, when in fact he was a fictitious person, there could be no privity between the said purchaser of said note from Edgar and the accommodation maker, D. E. Pendleton."

The defendant Pendleton does not allege in his answer that he believed "Cole" to be a real person. He failed to make any such allegation. The amended

complaint and the answer allege that he was a fictitious person; but it is not alleged that any party to said note believed him to be a real person.

The plaintiff did not purchase said note from Edgar. The note was executed by Pendleton and his comakers to the plaintiff, and the latter paid them the $400 therefor. No person but the plaintiff ever owned or held said note. It was not transferred to him. He was the real payee thereof, and the court below found that he is "the lawful owner and holder thereof." "Cole" never held said note or had any interest in it.

1. The defendant Pendleton contends, also, that as "Cole" was a fictitious person, and the note was payable to his order, the plaintiff could obtain no title thereto *unless* he and the other makers knew, when they signed the note, that "Cole" was a fictitious person. He seems to admit that if the makers of the note knew, when they executed it, that it was payable to a fictitious person, it was payable to bearer, in legal effect, and that it would pass by delivery, like any other note payable to bearer. By Section 5842, L. O. L., it is provided, *inter alia,* that a note made payable to the order of a fictitious or nonexistent person is payable *to bearer,* if the person who makes it so payable knows that the payee is a fictitious or nonexistent person. Some cases are cited that bear out the rule stated by this statute.

The findings of the trial court cover and sustain all of the material allegations of the amended complaint, and cover all the issues made by the pleadings. If the amended complaint is sufficient to sustain the judgment, the latter should be affirmed.

2. When a complaint has not been attacked by motion or demurrer, and it contains allegations from which a fact necessary to be alleged may be inferred,

it will be held good after verdict, although it would have been bad on demurrer, and every reasonable inference or intendment will be invoked to support a complaint after verdict: *Baker City* v. *Murphy,* 30 Or. 405 (42 Pac. 133, 35 L. R. A. 88); *McCall* v. *Porter,* 42 Or. 49 (70 Pac. 820, 71 Pac. 976); *Drake* v. *Sworts,* 24 Or. 198 (33 Pac. 563); *Davis* v. *Wait,* 12 Or. 425 (8 Pac. 356); *Bade* v. *Hibberd,* 50 Or. 501 (93 Pac. 364). As there was no objection to the amended complaint until it reached this court, every reasonable inference will be invoked to sustain it. Ordinarily, persons executing promissory notes know the persons to whom they execute them.

3. The amended complaint alleges, and the trial court found, that the said promissory note was executed and delivered by the makers thereof to the plaintiff, and that the plaintiff at that time paid as a consideration for said note $400, and that "Jake Cole," whose name appears as payee of said note, is a fictitious person; that said note was never delivered to him, and that he never had any interest therein. We think that we may reasonably infer, *after verdict or findings of fact,* that the defendant Pendleton, and the other makers of said note, when they executed said note to the plaintiff and received from him the $400 therefor, knew that "Jake Cole" was a fictitious person and that the real payee thereof was the person to whom they executed and delivered the note and who paid them the $400. All admit that he was a fictitious person. In the absence of any showing or averments to the contrary, we deem it reasonable to infer, on the hearing in this court, that all the parties to the note knew that he was a fictitious person.

It is only reasonable to infer, in the absence of any averment to the contrary, that the makers of the note

knew with whom they were contracting when they made the note. It is expressly found that they made and delivered the note to the plaintiff, and that he at the time that they delivered the note to him paid them the $400. It is reasonable to presume *prima facie* that they understood that they were dealing with the plaintiff only, and that they knew who he was, and that his name was not "Jake Cole." We have a right to invoke all reasonable inferences to support the complaint, when it has not been attacked by demurrer or motion, and an answer thereto has been filed, and the question as to its sufficiency is raised after verdict or findings of fact by the trial court.

If the defendant Pendleton desired to make the point that the makers of the note did not know when they made it that the payee was a fictitious person, he should have alleged that fact in his answer; but he failed to do so. He did, however, allege that Edgar and Susee did induce and persuade him to sign a note for $400, payable to a person *not living or in existence, to wit,* one "Jake Cole," substantially as set forth in the complaint; but he omitted to say that he or they did not know that "Cole" was a fictitious person when they signed the note.

4. When an action at law is tried by the court without a jury, it is incumbent on the court of its own motion to make and file findings of fact covering the material issues raised by the pleadings. Where either party desires findings on issues made by the evidence outside the pleadings, but deemed important for a presentation of the questions involved, the proper practice is to request the court to make such findings, and, without such a request, error cannot be predicated upon a failure of the trial court to make such desired

findings: See *Jennings* v. *Frazier,* 46 Or. 470 (80 Pac. 1011).

In this case the trial court made findings of fact covering the issue made by the pleadings, and the appellants did not ask for any further or different findings. The facts of this case differ from the facts in most, if not all, of the cases cited by the appellants. In this case the makers of the note made and delivered it to the plaintiff, and at the same time he paid them, in consideration of the execution of the note to him, the $400 mentioned therein. Neither "Jake Cole" nor any other person ever owned or held or had any interest in the note. It was never indorsed or transferred to anyone. The plaintiff was in fact the payee. We hold, under the facts of this case, as stated *supra,* that the makers of the note, when they executed it and made it payable to the order of "Jake Cole," a fictitious person, knew that he was a fictitious person, and hence that the note was legally payable to bearer, under Section 5842, L. O. L. The statute governs, and it is not necessary to cite cases relating to this point.

We do not find it necessary to decide whether the note would have been valid, under the facts of this case, if it had appeared that the makers thereof did not know that "Jake Cole" was a fictitious person at the time that they signed it. We find no error in the record.

The judgment of the court below is affirmed.

AFFIRMED.

MR. CHIEF JUSTICE McBRIDE, MR. JUSTICE MOORE and MR. JUSTICE BURNETT concur.