Argued June 25, affirmed July 6, 1915.

# SMITH *v.* NATIONAL SURETY CO.

### (149 Pac. 1040.)

**Pleading—Complaint—Sufficiency.**

1.  When not attacked by demurrer or motion as not stating the cause of action, every reasonable intendment will be invoked to sustain the complaint after verdict.

**Larceny—Offenses—What Constitutes.**

2.  Consent of the owner, obtained by fraud, to the taking of his property does not prevent the taking from being larceny.

> [As to what constitutes larceny, see notes in 57 Am. Dec. 271; 88 Am. St. Rep. 559.]

**Insurance—Theft Insurance—Complaint—Sufficiency.**

3.  A policy was conditioned for protection against direct loss by burglary, theft or larceny of any property described in the schedule, occasioned by its felonious abstraction from the interior of the premises occupied by the insured. A complaint averred that while the policy was in force there was taken from insured's apartment, without her consent, by one B., who surreptitiously and fraudulently obtained access to the apartment, jewelry of a value greater than $1,500, none of which had been recovered. It appeared that B. by misrepresentations acquired possession of the property, which he never returned. *Held*, that the complaint was sufficient to state a cause of action, there being under Section 799, L. O. L., a presumption of ownership from insured's possession and the complaint charging larceny, burglary or theft rather than the obtaining of the property under false pretenses.

**Evidence—Documentary Evidence—Parol Evidence to Vary.**

4.  A statement of loss furnished to the insurer may be explained by parol evidence, where it was not one which was necessary to be in writing.

**Appeal and Error—Review—Harmless Error.**

5.  The admission of corroborative evidence which had no substantial influence on the determination was harmless.

**Insurance—Theft Insurance—Actions—Evidence.**

6.  In an action on a theft policy to recover the value of jewels which were obtained from plaintiff by fraud, evidence of her reason for surrendering possession of the jewels was admissible to show that the property was really stolen.

## From Multnomah: Gustav Anderson, Judge.

Department 1.   Statement by MR. JUSTICE BENSON.

This is an action by Bessie Smith against the National Surety Company, a corporation, to recover upon what is known as a "burglary" insurance policy. From the record in the case it appears that in January, 1914, the plaintiff, who was living in the Stelwyn Apartments, Portland, Oregon, was the holder of such a policy from the defendant corporation for the protection of certain jewelry and precious stones. A man by the name of Boaz, an ex-convict, having learned that plaintiff's husband was out of town, called upon her at her apartments, and, representing that he was a detective of the city police force, stated that she was wanted as a witness in a criminal charge against a man charged with forging her husband's name to a check for a large sum of money, and demanded that she should give bail for her appearance at the trial.   She explained that she did not have the money required for such purpose, and Boaz suggested that she might let him take her jewelry as a pledge for her appearance.   She thereupon went into her bedroom and brought out her jewel case, from which he helped himself to a quantity of valuable ornaments of an aggregate value exceeding $1,500.   The valuables were never recovered, and this action followed.   By stipulation it was tried by the court without a jury, and judgment was entered in favor of plaintiff, from which this appeal is taken.

AFFIRMED.

For appellant there was a brief over the names of *Messrs. Griffith, Leiter & Allen* and *Mr. T. S. Robinson,* with an oral argument by *Mr. Harrison Allen.*

For respondent there was a brief over the names of *Mr. Charles E. S. Wood, Mr. Prescott W. Cookingham* and *Messrs. Montague & Hunt,* with oral arguments by *Mr. Wood* and *Mr. Cookingham.*

MR. JUSTICE BENSON delivered the opinion of the court.

The principal assignment of error consists in defendant's contention that the complaint does not state facts sufficient to constitute a cause of action, in that it does not allege burglary, theft or larceny, and that there is no allegation of ownership of the property taken. The portion of the complaint which is material in this discussion reads as follows:

"Thereafter, and while said policy of insurance was in full force and effect, to wit, the —— day of January, 1914, there was surreptitiously and feloniously taken from the apartment of the plaintiff in the said Stelwyn Apartments, Washington and St. Clair Streets, Portland, Oregon, without the plaintiff's consent, by one George Boaz, who surreptitiously and fraudulently obtained access to said apartment, jewelry and precious stones of a value greater than $1,500, none of which has been recovered, and plaintiff thereby has suffered, and still suffers, a loss greater than $1,500."

There was no motion or demurrer attacking this complaint, and defendant, answering, admits its incorporation and the execution of the insurance contract, and denies generally the other allegations.

1–3. There is a marked difference in the exactness required in pleading the elements of crime in an indictment upon the one hand, and stating a cause of action in a civil case upon the other. Again, in determining the sufficiency of a complaint in a civil cause, there is a distinct difference in the conclusions reached upon

demurrer as compared with the consideration of the same pleading after verdict.

"When a complaint has not been attacked by motion or demurrer, and it contains allegations from which a fact necessary to be alleged may be inferred, it will be held good after verdict, although it would have been bad on demurrer, and every reasonable inference or intendment will be invoked to support a complaint after verdict": *Weishaar* v. *Pendleton,* 73 Or. 190 (144 Pac. 401), and cases there cited.

This doctrine, of course, is not quoted as in any sense applicable to indictments. The complaint in the case at bar alleges that the chattels were taken from her apartments feloniously and without her consent, and that she has suffered damage thereby in a sum greater than $1,500. From these allegations it may easily be inferred that the goods were stolen, and that she was the owner of the articles taken, especially since possession raises a presumption of ownership: Section 799, L. O. L. Counsel for appellant contends that the crime committed was neither burglary, larceny nor theft, but rather obtaining personal property by false pretenses. However, the great weight of authority is against this contention, as is said in 25 Cyc. 40:

"If the consent of the owner to the taking is obtained by fraud, it will not prevent the taking from being larceny. If one obtains possession of goods from the owner or possessor by fraud, with intent to steal, the taking is larceny, as is now held in every jurisdiction."

This doctrine has been sustained by this court in the cases of *State* v. *Ryan,* 47 Or. 338 (82 Pac. 703, 1 L. R. A. (N. S.) 862); *State* v. *Meldrum,* 41 Or. 380 (70 Pac. 526). It will be observed that the language of

the complaint, as to form, follows quite closely the phraseology of the insurance policy from which we quote:

"For direct loss by burlary, theft or larceny of any property described in the schedule hereinafter contained and stated to be insured hereunder, occasioned by its felonious abstraction from the interior of the house, building, flat, apartment or rooms actually occupied by the assured."

We, therefore, conclude that, while the complaint is not artistically framed and would doubtless be vulnerable to demurrer, it contains a defective statement of a good cause of action, and, after verdict, is sufficient.

4. The next assignment of error relates to the admission of the parol testimony of plaintiff in explanation of certain alleged errors in her written statement of the loss to the agent of defendant. This statement was simply evidence of a sort which is not necessarily in writing, and is subject to correction or explanation as any other testimony, and the trial court properly admitted it.

5. As regards the testimony of witness Garrison, while it was possibly hearsay and therefore inadmissible, nevertheless it was simply corroborative of uncontradicted testimony, having no substantial influence upon the determination of the cause, and was therefore harmless.

6. Defendant also contends that the court erred in permitting the plaintiff to answer the following question:

"I will ask you to state now, in going and getting this jewelry after protesting that you did not see why you should, whether you acted willingly, or what was the influencing motive that induced you to get the jewelry."

We think that it was competent for the plaintiff to testify as to the intent or motive which prompted her to get out her property in response to the demand of Boaz: 16 Cyc. 1187, and cases there cited.

There being no substantial error disclosed in the record, it follows that the judgment of the trial court must be affirmed, and it is so ordered.    AFFIRMED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE McBRIDE and MR. JUSTICE BURNETT concur.