Argued September 22, affirmed September 28, 1920.

## McCARTHY v. FRAZIER.

(192 Pac. 491.)

**Pleading—Complaint for Amount Agreed on for Loss of Horses Hired Held Sufficient After Verdict.**

1. Under Sections 64, 67, L. O. L., whether plaintiff sues for injury to his property, for damages from breach of contract of hiring, or to recover on a promise to pay money, in the absence of demurrer, his complaint alleging that he let horses with equipment to defendants, who promised to pay him the reasonable value of any property lost, that part of the property was lost, and that subsequently on an accounting the parties agreed on the amount of the damage, which defendants promised to pay, is sufficient, after verdict, as stating facts constituting a cause of action and a consideration for the agreement.

From Multnomah: William N. Gatens, Judge.

Department 1.

1. The plaintiff hired to the defendants some horses and their equipment, which is admitted. In the third count, being the part of the complaint questioned, there is this allegation:

"That the time the plaintiff hired to the defendants, the horses, he also hired to them some harnesses, and other equipment with them and at said time it was agreed by and between plaintiff and defendants that if any of said personal property was lost or damaged the defendants would pay plaintiff the reasonable value of the property so lost.

"And thereafter and on or about December 23, 1918, defendants returned most of said personal

property to the plaintiff, and plaintiff and defendants had an accounting and settlement, and it was found that defendants had lost," specifying certain items, with the amount of damage and loss apportioned to each.

The averment proceeds thus:

"That at the conclusion of said accounting defendants agreed to pay plaintiff, and plaintiff agreed to accept from defendants, for the loss and damage to said property, the following: [naming the same items as before, with like values annexed to each]."

The statement concludes with this language:

"And since said date of accounting and settlement, the defendants have frequently promised and agreed to pay plaintiff the sums of money as herein alleged, but have not paid the same or any part thereof."

By their answer to this third cause of action the defendants speak in these words:

"Admit that there was some harness and other equipment furnished with said horses, and that the same was to be returned with the horses, but defendants deny each, all, and every other allegation and averment of said third cause of action."

There was no demurrer to the complaint. On appeal, for the first time, the defendants challenge the sufficiency of the facts stated to constitute a cause of action, and this is the only question presented for decision. A verdict and judgment were rendered for the plaintiff on this complaint, and the defendants appeal.                    AFFIRMED.

For appellants there was a brief over the names of *Mr. Franklin F. Korell* and *Mr. W. A. Carter,* with an oral argument by *Mr. Korell.*

For respondent there was a brief and an oral argument by *Mr. Walter G. Hayes.*

BURNETT, J.—In *Cooper* v. *Hillsboro Garden Tracts,* 78 Or. 74, 83 (152 Pac. 488, 491, Ann. Cas. 1917E, 840), this court, speaking by Mr. Justice Harris said:

"The complaint might have been vulnerable to a demurrer if interposed before the commencement of the trial; but, no objection having been made until the introduction of testimony, the complaint must be liberally construed, and is entitled to all the intendments in its favor which could be invoked after a decision on the merits of the controversy: *Schoellhamer* v. *Rometsch,* 26 Or. 394 (38 Pac. 344); *Currey* v. *Butcher,* 37 Or. 380 (61 Pac. 631); *Creecy* v. *Joy,* 40 Or. 28 (66 Pac. 295); *Patterson* v. *Patterson,* 40 Or. 560 (67 Pac. 664); *Bade* v. *Hibberd,* 50 Or. 501 (93 Pac. 364); *Davis* v. *Mitchell,* 72 Or. 165 (142 Pac. 788); *Weishaar* v. *Pendleton,* 73 Or. 190 (144 Pac. 401); *Smith* v. *National Surety Co.,* 77 Or. 17 (149 Pac. 1040)."

The argument of the defendants' counsel is based upon the language of the complaint in the statement about the conclusion of the accounting, and the contention is made therein that the items in question, being for the loss of one horse and damage to another, were matters of tort which could not be made the subject of an accounting. It may well be conceded that if we were bound by the ancient form of the common count of *insimul computassent,* the pleading here would be amenable to demurrer, or, if not, the plaintiff would fail in proof if he attempted to offer evidence only of a tort in support of his declaration. We are taught, however, in Section 64, L. O. L., that:

"All the forms of pleading heretofore existing in actions at law are abolished; and hereafter the forms of pleading in courts of record, and the rules by which the sufficiency of the pleadings is to be determined, shall be those prescribed by this Code."

And in Section 67, L. O. L., it is stated that:

"The complaint shall contain * * a plain and concise statement of the facts constituting the cause of action, without unnecessary repetition."

It is averred that in the outset the defendants agreed that if any of the personal property hired to them was lost or damaged they would pay the plaintiff the reasonable value of the property so lost. As the defendants hired the plaintiff's property and lost some of it, it was assuredly competent for the parties to get together and agree upon the amount of the damage resulting from the breach of the contract, and for the defendants to promise to pay the amount thus agreed upon. This is what happened, according to the complaint. Certainly a cause of action arises out of such a transaction, and, all the facts having been stated, in the absence of a demurrer, we must sustain the verdict of the jury on the question. If we looked only at the few lines of the complaint which tell of an accounting, the contention of the defendants might be upheld. Other parts of the pleading must be given due effect, however, and at this stage of the case it matters not whether the plaintiff was suing for injury to his property, for damage resulting from a breach of a contract of hiring, or to recover on a promise to pay money. The facts are all stated out of which a good cause of action may be constructed. The facts themselves, and not necessarily the mere form in which they are stated, are what give force to a pleading.

It is urged that no consideration for the new agreement is stated. But we discern a consideration in the detriment happening to the plaintiff by reason of the default of the defendants. It is not a question of expressing a consideration within the meaning of the statute of frauds, but if the court, considering the facts stated by the pleader, can perceive a consideration, the pleading is sufficient in the absence of demurrer and after verdict.

The judgment is affirmed.                AFFIRMED.

McBRIDE, C. J., and BENSON and HARRIS, JJ., concur.