(12 Misc. Rep. 147.)

## BROWN v. FOX.

(Common Pleas of New York City and County, General Term.  April 1, 1895.)

FIXTURES—RIGHT TO REMOVE—VENDOR AND PURCHASER.

   A conveyance of land includes a building thereon, though the grantor, when he agreed to sell the land, reserved the right to remove the building before the time fixed for the delivery of the deed, but did not remove it before such time, and there was no agreement between the vendor and the purchaser to the effect that the building was to be considered as a chattel.

Appeal from Ninth district court.

Action by John Brown against Patrick Fox.  From a judgment in favor of defendant, rendered by the justice without a jury, plaintiff appeals.  Affirmed.

Argued before BISCHOFF and GIEGERICH, JJ.

Wm. Doll, for appellant.

George S. Wilkes, for respondent.

BISCHOFF, J.    In this action plaintiff sought to replevy a certain building erected upon land of which defendant became owner through a conveyance from one Whelp.    From the evidence it appears that Whelp, by contract of date June 15, 1892, agreed to sell to defendant the premises in question, but reserved the right to remove the building thereon erected before September 12, 1892, which was the day set for the closing of the title.    On July 18, 1892, Whelp sold the building to plaintiff, which sale was evidenced by a memorandum in writing, but no provision as to the date of removal was therein contained, nor as to the amount of consideration, which last was expressly stated to rest in verbal agreement.    The date of closing the title upon the sale by Whelp to defendant was adjourned to October 19, 1892, and on that day possession of the land and building was given by the former to the latter, who, in explanation of his having given such possession, testified that Brown was required to remove the building before that time.    No objection was made to this testimony, and no contrary agreement was shown in behalf of the plaintiff.

We think that the justice's conclusion in favor of the defendant is to be supported.    Prima facie, the building was not a chattel, but became a part of and passed with the freehold (Smith v. Benson, 1 Hill, 178);  and while, by express agreement between the owner of the land and the party claiming an erection thereupon as personalty, the legal effect of the annexation may be overcome, and the erection viewed as a chattel (Ford v. Cobb, 20 N. Y. 349), the evidence in this case was distinctly to the effect that, as against Fox, there was no agreement whereby the house was to be taken as in the nature of a chattel if not removed before September 12th, or, at the latest, October 19th (the adjourned date of closing title), nor after such latter date, according to the agreement with Whelp, as testified to by him.    The plaintiff's testimony that defendant had recognized his ownership, and had told him to take his time about removing the house, was directly contradicted by the latter, and upon this simple conflict the justice's finding concludes.  Plain-

tiff's assertion of ownership and demand for the alleged chattel being made after the date when title thereto had passed to defendant with the freehold, his action necessarily failed.

Judgment affirmed, with costs.