Submitted on briefs September 22, decided October 5, rehearing denied October 26, 1909.

### KESLER v. NICE.

[104 Pac. 2.]

Appeal and Error—"Final Decree."

1. The "final decree" in partition, within Section 6, Article VII, Constitution of Oregon, limiting the review by the Supreme Court of decisions of the circuit court to those that are final, is that entered on confirmation of the report of referees.

Appeal and Error—Dismissal—Want of Jurisdiction.

2. It being patent from the face of the record that the decree in partition is interlocutory, the court will of its own motion dismiss the appeal therefrom for want of jurisdiction.

From Washington: James U. Campbell, Judge.

Statement by Mr. Justice Slater.

The plaintiffs, Abraham L. Kesler, Mary J. Kesler, John Kesler, Elizabeth Kesler, Charles Kesler and Anna Kesler, brought this suit against Charles W. Nice, Bessie Nice, Nora Wilhelmson and John Wilhelmson, for partition of a lot in the city of Forest Grove, and allege that four of them and two of the defendants are the owners in fee simple and tenants in common thereof; that on the lot there is a small house, so situated that the premises cannot be divided and the several shares allotted to the persons entitled thereto.

The answer denies that the plaintiffs have any interest in the lot, and affirmatively avers that the defendants are the sole owners thereof, and prays for a dismissal of the

suit. The cause was submitted to the trial court upon a stipulation of the parties as to the facts, and on July 27, 1909, an interlocutory decree was rendered by the court establishing the rights of the parties in conformity with the averments of the complaint, and directing a sale of the property by a referee named therein. The defendants have attempted to appeal from this decree.

DISMISSED.

Submitted on briefs under the proviso of rule 16 of the Supreme Court, 50 Or. 580 (91 Pac. XII).

For appellant there was a brief over the names of Messrs. W. M. Langley & Son.

For respondent there a brief over the name of Mr. Henry T. Bagley.

MR. JUSTICE SLATER delivered the opinion of the court.

1. The jurisdiction of this court to review the decisions of the circuit court is expressly limited to such as are final decisions. Section 6, Article VII, Constitution of Oregon. Finality, therefore, must be put to the suit by the circuit court before an attempt can properly be made to have the decision therein revised in this court. Shirley v. Birch, 16 Or. 1, 4 (18 Pac. 344) ; Conrad v. Packing Co., 34 Or. 337 (49 Pac. 659: 52 Pac. 1134: 57 Pac. 1021). And it has been settled in this court that in suits for partition the only decree that is by the statute declared to be "effectual forever," and "binding and conclusive," and therefore final, is that entered upon confirmation of the report of referees. All orders or decrees in the regular course of proceedings prior to that time are merely interlocutory. Sterling v. Sterling, 43 Or. 201 (72 Pac. 741). This is the only final decree contemplated by the statute, and the only one from which an appeal will lie. Bybee v. Summers, 4 Or. 354.

2. No objection to the jurisdiction of the court has been suggested by any of the parties, but the want of

jurisdiction is patent upon the face of the record; and, the subject-matter of the suit involving the title to realty, it is the duty of the court, at any stage of the proceedings, when the want of jurisdiction appears, to refuse to proceed further, and to dismiss the appeal. *Evans* v. *Christian,* 4 Or. 375; *McKay* v. *Freeman,* 6 Or. 449, 453; *State* v. *McKinnon,* 8 Or. 487, 492. The record should show affirmatively the proper taking of all steps, and the existence of all the facts necessary to confer jurisdiction upon the appellate court.   2 Cyc. 1025.

Since the printed abstract upon which the cause is being submitted by stipulation of the parties, in lieu of the transcript, shows that the decree is interlocutory, and not final, the appeal must be dismissed, and it is so ordered.                                    DISMISSED.