PIEKELKO et al. v. LAKE VIEW BREWING CO.

(Erie County Court. December 6, 1909.)

1. COURTS (§ 183*)—JURISDICTION—COUNTY COURTS—EJECTMENT.
   A County Court has no jurisdiction of an action of ejectment.
   [Ed. Note.—For other cases, see Courts, Cent. Dig. § 458; Dec. Dig. § 183.*]

2. COURTS (§ 26*)—JURISDICTION—PLEADING—JURISDICTION IN PART.
   If it can be reasonably inferred from the averments that the court has jurisdiction of any cause of action properly pleaded, it will as a rule, retain jurisdiction, though it does not have jurisdiction of other matters pleaded.
   [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 82, 83; Dec. Dig. § 26.*]

3. ACTION (§ 45*)—JOINDER OF CAUSES OF ACTION—EJECTMENT AND ACTION FOR MESNE PROFITS.
   Under Code Civ. Proc. § 1531, providing that, in an action to recover real property, plaintiff, where he recovers the property, may recover as damages the rents and profits or the value of the use and occupation, a cause of action for mesne profits can be joined with one in ejectment.
   [Ed. Note.—For other cases, see Action, Cent. Dig. § 405; Dec. Dig. § 45.*]

4. ACTION (§ 53*)—SPLITTING CAUSE OF ACTION—RECOVERY OF MESNE PROFITS.
   Under Code Civ. Proc. § 1531, an action for mesne profits may be brought separately from an action of ejectment.
   [Ed. Note.—For other cases, see Action, Cent. Dig. § 560; Dec. Dig. § 53.*]

5. COURTS (§ 183*)—JURISDICTION—COUNTY COURTS.
   A County Court has only such jurisdiction as is specifically given it by statute.
   [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 437–468; Dec. Dig. § 183.*]

6. COURTS (§ 183*)—JURISDICTION—INFERIOR COURTS—COUNTY COURTS—EJECTMENT.
   Code Civ. Proc. § 340, subd. 3, provides that any action for any cause not enumerated in the other subdivisions (which do not include ejectment), wherein the complaint demands a money judgment not exceeding a certain sum, may be brought in the County Court. *Held*, that a complaint in the County Court in an action to recover real estate and for damages for withholding possession was demurrable for want of jurisdiction, though it would have jurisdiction of the action for damages alone.
   [Ed. Note.—For other cases, see Courts, Cent. Dig. § 458; Dec. Dig. § 183.*]

Action by Anton Piekelko and another, against the Lake View Brewing Company. On demurrer to the complaint. Demurrer sustained.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

F. R. March, for plaintiffs.
Brendel, Standart & Bagot, for defendant.

TAYLOR, J. The complaint presents the ordinary declaration in ejectment, and includes a claim for damages under section 1531 of the Code of Civil Procedure. The demand is for judgment for the possession of the real estate involved and for damages for withholding possession. The defendant demurred, on the ground that, this being a County Court, it has no jurisdiction of the subject-matter of the action.

There is no question but that this court has no jurisdiction of the action for ejectment. Plaintiff claims, however, that inasmuch as his claim includes proper averments and a demand for damages, and this court has jurisdiction in that respect, the demurrer cannot be sustained. At first glance there might seem to be some merit in this contention, under the well-recognized rule that, if it can be reasonably inferred from the averments of a pleading that the court has jurisdiction of any cause of action properly pleaded, that is all that is necessary. However, I have become convinced that the plaintiff's contention is not correct. A cause of action for mesne profits may be joined with a cause of action in ejectment under the Code section mentioned in a court having jurisdiction of the latter, or the action for mesne profits may be sued separately. Vandevoort v. Gould, 36 N. Y. 639; Livingston v. Tanner, 12 Barb. 481. Therefore, since this demurrer specifies nonjurisdiction of the subject of the action generally, and does not specifically complain of the declaration in ejectment, of which the County Court has no jurisdiction, the demurrer, as I say, might at first thought seem not well taken as against the properly pleaded declaration and demand of damages for withholding the possession. However, the County Court having such jurisdiction alone as is specifically given by statute, I must find some authority for jurisdiction of either of the causes of action mentioned.

Section 340 of the Code of Civil Procedure, in all its subdivisions, except No. 3, enumerates civil actions which may be sued in County Courts; ejectment not being included. Then subdivision 3 extends the jurisdiction of the County Court to—

"an action for any other cause where the defendant is * * * at the time of the commencement of the action, a resident of the county, and wherein the complaint demands judgment for a sum of money only not exceeding $2,000."

Since this complaint does not demand judgment for a sum of money only, but demands possession of the real estate involved, and incidentally demands damages for withholding such possession, and finding no other statute conferring jurisdiction, I must sustain the demurrer, with $25 costs to the defendant, allowing the plaintiff to plead over, if he cares so to do, on payment of the said costs within 20 days after entry of judgment and notice thereof.