TURNER v. COTTON.

Opinion delivered March 20, 1916.

JURISDICTION OF COURT—HOW DETERMINED.—The jurisdiction of the court must be determined by the allegation of the complaint, and not by the evidence subsequently adduced.

Appeal from Yell Circuit Court, Dardanelle District; *Marcellus L. Davis,* Judge; affirmed.

*John M. Parker,* for appellant.

1. The circuit court was without jurisdiction, for the justice of the peace had none. The claim of plaintiff was largely in excess of $300. 57 Ark. 531; 43 *Id.* 101; 57 *Id.* 257; 52 *Id.* 103; 108 *Id.* 541; 33 *Id.* 31; 24 *Id.* 177; 35 *Id.* 287; 43 *Id.* 230. A plaintiff can not separate the items of his claim and sue on one or more items less than the whole so as to confer jurisdiction. 24 Ark. 177; 35 *Id.* 287. Jurisdiction may be proven by testimony. 43 Ark. 230.

2. The evidence does not sustain the verdict. The rent was paid and the affidavit of plaintiff made no claim for supplies or articles furnished by the landlord. Kirby's Digest, § § 4565, 4682; 29 Ark. 544.

3. The court erred in its instructions to the jury.

The appellee, *pro se.*

1. The evidence supports the verdict and there is no error in the instructions. Besides appellee did not object to the evidence nor the instructions and it is now too late. 41 Ark. 535; 44 *Id.* 103; 50 *Id.* 348; 51 *Id.* 324; *Ib.* 140; 52 *Id.* 180. No exceptions were saved. *Ib.*

2. It is the amount sued for, not the amount proved, that determines jurisdiction. 7 Ark. 260; 60 *Id.* 146; 62 *Id.* 208.

3. The grounds of the attachment were not controverted. Kirby's Digest, § § 412-13-14; 34 Ark. 707; 85 *Id.* 605; 90 *Id.* 454.

McCulloch, C. J. The plaintiff, W. E. Cotton, owns a farm in Yell County, Arkansas, and rented it to the defendant, G. W. Turner, for the year 1914, for a certain share of the crop gathered. This is an action to recover the sum of $300 for the plaintiff's share of the crop and to enforce a landlord's lien. The suit was instituted before a justice of the peace, and upon the filing of the proper affidavit and bond an order of attachment was issued under which the crop was seized. The case was tried before a jury in the circuit court, on appeal from the justice of the peace, and the verdict was in plaintiff's favor for the sum of $200.

The principal ground urged here for reversal is that the evidence does not sustain the verdict. In fact, most of the numerous assignments of error may be disposed of in determining the legal sufficiency of the evidence. There is a sharp conflict in the testimony, and we think that it is sufficient to support the verdict.

Another contention is that notwithstanding the suit is for but $300, the evidence adduced by the plaintiff tends to show an indebtedness considerably in excess of that amount, and that the court was without jurisdiction for that reason. The jurisdiction of the court must be determined by the allegation of the complaint and not by the evidence subsequently adduced. *Lafferty* v. *Day,* 7 Ark. 260. The suit was to enforce an unliquidated liability, and the allegation of the complaint is that the

amount due for rent was $300. Therefore the allegations control for the purpose of fixing the jurisdiction of the court.

Some of the assignments of error relate to the instructions of the court, but exceptions were not properly saved, and other assignments are not of sufficient importance to discuss.

After a careful consideration of the points raised in the argument, we are of the opinion that the case was properly tried and that the evidence was sufficient to support the verdict. Therefore the judgment must be affirmed, and it is so ordered.