Argued October 14, reversed and remanded December 7, 1920.

## DIPPOLD v. CATHLAMET TIMBER CO.

### (193 Pac. 909.)

**Courts—Not having Jurisdiction of Subject Matter, Court can Consider No Other Question.**

1. When a court has determined that it has no jurisdiction of the subject matter of an action, it cannot properly consider any other question raised in the case.

**Courts—Jurisdiction of Courts Defined by Organic and Statutory Laws.**

2. The organic and statutory laws of the commonwealth created the courts and defined their jurisdiction, and jurisdiction cannot flow from any other source, and the law must confer upon the courts the power to act on the subject matter on which it gives judgment.

**Courts—Jurisdiction to be Determined in First Instance by Allegations in Complaint.**

3. The jurisdiction of the subject matter of any controversy in any court must be determined in the first instance by the allegations in the complaint made in good faith, and does not depend on the existence of a sustainable cause of action or by the evidence subsequently adduced.

**Appeal and Error—Objection to Jurisdiction may be Raised First on Appeal.**

4. An objection that the court had no jurisdiction of the subject-matter of the action under the allegations of the complaint may be made for the first time on appeal, under Section 72, Or. L.

**Pleading—Every Reasonable Inference Invoked to Support Complaint, not Objected to Below.**

5. When a complaint reaches the Supreme Court without having been demurred to or moved against in any way, every reasonable inference or intendment should be invoked to support it.

---

Fixing character of property as realty or personalty by agreement, see note in 1 Ann. Cas. 312.

Right to question sufficiency of complaint for first time on appeal, see note in 3 Ann. Cas. 545.

The question as to character of building placed by consent on another's land, as real or personal property in the absence of an agreement as to its character, is discussed in a note in 14 L. R. A. (N. S.) 439.

For authorities discussing the question of costs where appellant dismisses appeal, see note in L. R. A. 1917A, 120.

**Pleading—Verdict Never Supplies Material Averment.**

6. While it is true that a verdict aids an informal statement of facts in a pleading, it will never supply a material averment that goes to the gist of the action.

**Fixtures—Building not a Part of Realty, if Agreed It may be Removed.**

7. Where a building is erected on the land of another, it is *prima facie* a part of the realty; but if erected with the understanding, express or implied, that it may be removed when desired, it is then not a part of the real estate, but personal property.

**Courts—Complaint for Damages to Building Out of State Held not to Show Jurisdiction in Court.**

8. A complaint in an action for damages to a shingle-mill situated in another state, constructed by plaintiff on the lands of another person, *held* insufficient to give the Circuit Court jurisdiction of the subject matter; the mill being *prima facie* real property, the action for damages to which is barred by Section 72, Or. L.

**Courts—"Jurisdiction of Subject Matter" not Dependent on Ultimate Existence of Good Cause of Action.**

9. "Jurisdiction of the subject matter" is the power to adjudge concerning the general question involved, and is not dependent on the ultimate existence of a good cause of action in the plaintiff in a pending cause before the court.

**Costs—Party Prevailing on Appeal Held not Entitled to Costs.**

10. It is a rule that a party prevailing on appeal is entitled to recover costs and disbursements; but such party will not be allowed costs, where it is not fair, right or just to exact costs from the other party.

From Multnomah: CALVIN U. GANTENBEIN, Judge.

Department 2.

This is an action prosecuted for the purpose of recovering damages emanating out of injuries by fire to certain property situated in Wahkiakum County, Washington, near the town of Cathlamet. The character of the property injured, the nature of the damages, the cause of the fire, the loss sustained by reason thereof, as claimed by the plaintiffs, is told in the following paragraphs of their complaint of record:

"That the plaintiffs, on the 16th day of April, 1917, entered into a contract with Bertha E. Martin

for the purchase of the cedar timber on the following described land situate in the State of Washington, to-wit: [description omitted.]

"That on or about the 1st day of May, 1917, the plaintiffs commenced the construction of a shingle mill on that part of said land situate in the county of Wahkiakum, State of Washington, at a point near the center of the line between said section six and seven in Township 8 North of Range 4 West of the Willamette Meridian, and completed said mill at a cost of $4,500, and that said mill was reasonably worth said sum on the 1st day of July, 1918. That plaintiffs also erected buildings near said mill, which were reasonably worth the sum of $200 on said 1st day of July, 1918; that plaintiffs constructed a road to said mill from the county road leading in a north-westerly direction from Oak Point, and other connecting roads, for the purpose of transporting shingles to the river landings at Oak Point and Hansen's landing on the Columbia River, at a cost of about $1000. That plaintiffs transported a donkey engine, which they owned, to said lands of Bertha E. Martin during the month of May, 1917, for the purpose of drawing in cedar logs to said mill. That said donkey engine was at said mill on the said 1st day of July, 1918, and was, with the equipment thereon, reasonably worth the sum of $1500.

" * * * The said fire resulting from the two fires aforesaid running together was carelessly and negligently permitted by said defendants to run along and upon said mountain ridge or plateau in an easterly direction, until the same finally was carried and communicated by the prevailing westerly winds to and upon the lands of the said Bertha E. Martin during the latter part of June, 1918, and that on the 1st day of July, 1918, the said fire, being fanned and driven by a strong westerly wind, was communicated to and upon said shingle-mill, and burned the same, thereby causing damage to these plaintiffs in the sum of $3000, and burned a part of plaintiffs' said buildings, and rendered them all use-

less, to plaintiffs' damage in the further sum of $200, and burned the cable and sled to plaintiffs' said donkey engine, to plaintiffs' further damage in the sum of $100, whereby plaintiffs were damaged in the total sum of $3,300, as above set out by reason of said fire destroying their property in and about said mill.

"That in and by the terms of said contract of sale of said cedar timber from said Bertha E. Martin it was provided, among other things, that plaintiffs were to pay ten cents per thousand shingles for the shingle output of said timber, to be computed on the number of thousand shingles to be manufactured therefrom by plaintiffs. That on said first day of July, 1918, there was a large amount of cedar timber on said lands, which had been cut and thrown down, and the said cedar timber was very dry, on account of the spring and early summer being unusually dry, and a large amount of said cedar timber was burned and destroyed by said fire, to-wit, a sufficient amount thereof to have manufactured at least forty million shingles. That said cedar timber was burned and destroyed as a result of defendant's carelessness and negligence as hereinbefore set out, to plaintiffs' damage in the sum of $6000.

"Wherefore plaintiffs pray for a judgment against each and all of said defendants for the sum of $3300 on account of the said damage to their said mill, buildings, and donkey engine, and for the further sum of $6000 on account of their loss by reason of the destruction of said cedar timber, and for their costs and disbursements in this action."

The Cathlamet Timber Company, a corporation, defendant and appellant, voluntarily came into court and joined issue with the plaintiffs in the court below by filing an answer, traversing the material allegations of the complaint and alleging new matter by way of defense, to which new matter the plaintiffs replied. A trial by jury was had, which resulted

in a verdict in favor of the plaintiffs in the sum of
$2,000. The defendant appealed to this court, and for
grounds assigned numerous errors of the court below
relating to its rulings in allowing the introduction of
evidence as to certain of the defendants; in refusing
to strike out the evidence of one Rudolph Finkas; in
allowing the introduction of the contract between
Bertha E. Martin and the plaintiffs; in allowing the
testimony to show that defendant was a branch of
the Portland Lumber Company, without an offer to
produce the record of either corporation; in allowing
evidence showing plaintiffs' damage through the
burning of timber; in allowing witnesses to testify to
conversations with officers of the Portland Lumber
Company, for the purpose of establishing relationship
with the defendant corporation; in allowing wit-
nesses to testify to the relationship of defendant and
Portland Lumber Company, without the production
of the corporate records of either corporation; in
overruling a motion for a nonsuit in favor of defend-
ant; in refusing to direct a verdict; and in giving a
certain instruction.

The appellant now for the first time challenges the
jurisdiction of the Circuit Court of the State of Ore-
gon in and for Multnomah County to hear and de-
termine the cause submitted to it by the parties
thereto.                    Reversed and Remanded.

For appellant there was a brief over the name of
*Messrs. Platt & Platt,* with an oral argument by *Mr.
H. G. Platt.*

For respondent there was a brief with oral argu-
ments by *Mr. John Van Zante* and *Mr. M. H. Carter.*

BROWN, J.—1. What assignments ' of error, if any, we shall here consider and decide, depends upon our determination of the question of jurisdiction.

"When a court has determined that it has no jurisdiction of the subject matter of an action, it cannot properly consider any other question raised in the case": 17 Stand. Proc. 657.

This court, speaking through Justice Bonham, in the early case of *Evans* v. *Christian*, 4 Or. 375, 377, said:

"When a question of jurisdiction presents itself in any stage of a proceeding, and it is discovered that the court has no jurisdiction, either over the parties or the subject matter of the cause, it is the duty of the court, on its own motion, to refuse to proceed further. Any attempt to exercise judicial functions otherwise than as authorized by law would be a nullity, and an idle waste of time."

To the same effect are *Evarts* v. *Steger*, 5 Or. 147; *State* v. *McKinnon*, 8 Or. 487; *White* v. *Ladd*, 41 Or. 324 (68 Pac. 739, 93 Am. St. Rep. 732); *Kalyton* v. *Kalyton*, 45 Or. 116, 127 (74 Pac. 491, 78 Pac. 332); *Rynearson* v. *Union Co.*, 54 Or. 181 (102 Pac. 785); *Kesler* v. *Nice*, 54 Or. 585, 587 (104 Pac. 2); *State* v. *Goodall*, 82 Or. 329 (160 Pac. 595).

It has been said that—

"Jurisdiction is the power conferred on a court, by Constitution or statute, to take cognizance of the subject matter of a litigation and the parties brought before it, and to legally hear, try, and determine the issues, and render judgment according to the general rules of law, upon the issues joined, be they either of law or of fact, or both": Brown on Jurisdiction, § 2.

Speaking through Chief Justice Fuller, the Supreme Court of the United States has said that—

"The fundamental question of jurisdiction, first of the appellate court, and then of the court from which the record comes, presents itself on every writ of error and appeal, and must be answered by the court, whether propounded by counsel or not: *Defiance Water Co.* v. *Defiance*, 190 U. S. 184 (48 L. Ed. 140, 24 Sup. Ct. Rep. 63). Jurisdiction is given by law: *Clyde & R. Plank Road Co.* v. *Parker,* 22 Barb. (N. Y.) 323."

2, 3. The organic and statutory laws of the commonwealth of Oregon created her courts and define their jurisdiction. In fact, no other power could establish the courts of the state, nor could jurisdiction flow from any other source. The law must confer upon the courts the power to act on the subject matter upon which it gives judgment. The power or jurisdiction of the Circuit Court of the State of Oregon in and for Multnomah County to hear and determine the question as to whether or not the appellant, through negligence with fire, caused the shingle-mill described in the complaint to be injured, depends upon the existence of the fact as to whether that mill was real or personal property, and that fact must appear from the pleadings. As was said by Justice MOORE, speaking for this court in the case of *Eagle Cliff Fishing Co.* v. *McGowan,* 70 Or. 1, 7 (137 Pac. 766, 768):

"The authority of a court to hear and determine a cause depends upon the allegations of the initiatory pleading, and not upon the facts."

It is stated in 17 Standard Proc., page 660:

"The jurisdiction of the subject matter of any controversy in any court must be determined in the first instance by the allegations in the complaint or petition as the case may be, made in good faith, and does

not depend upon the existence of a sustainable cause of action or by the evidence subsequently adduced."

Citing *Manier* v. *Trumbo,* 30 Fed. Cas. No. 18,309; *Turner* v. *Cotton,* 123 Ark. 40 (184 S. W. 415); *Ransome-Crummey Co.* v. *Martenstein,* 167 Cal. 406 (139 Pac. 1060); *Lake Shore etc. R. Co.* v. *Clough,* 182 Ind. 178, 184 (104 N. E. 975, 105 N. E. 905); *Boone* v. *Poindexter,* 12 Smedes & M. (Miss.) 640; *Jersey City* v. *Gardner,* 33 N. J. Eq. 622; *Piekelko* v. *Lake View Brewing Co.,* 65 Misc. Rep. 365 (119 N. Y. Supp. 847); *Gaw* v. *Glassboro Novelty G. Co.,* 20 Ohio C. C. 416 (11 Ohio Cir. Dec. 32); *Eagle Cliff Fishing Co.* v. *McGowan,* 70 Or. 1 (137 Pac. 766); *Ridgely* v. *Bennett,* 13 Lea (Tenn.), 210; *Young* v. *Young,* 12 Lea (Tenn.), 335; *Kindell* v. *Titus,* 9 Heisk. (Tenn.) 727, and note 38; 17 Standard Proc., p. 675; *Geneva Furniture Mfg. Co.* v. *Karpen & Bros.,* 238 U. S. 254 (59 L. Ed. 1295, 35 Sup. Ct. Rep. 788; *The Fair* v. *Kohler Die & S. Co.,* 228 U. S. 22 (57 L. Ed. 716, 33 Sup. Ct. Rep. 410, see, also, Rose's U. S. Notes); *In re James' Estate,* 99 Cal. 374 (33 Pac. 1122, 37 Am. St. Rep. 60); *Shankle* v. *Ingram,* 133 N. C. 254 (45 S. E. 578).

It has been held by the Supreme Court of the State of Georgia that—

"The jurisdiction of a court to entertain a cause, and the right of the plaintiff in such cause to finally prevail, present essentially different questions; the former is determined from an inspection of the record, the other results from a consideration of the facts as established by the proof": *Young* v. *Hamilton,* 135 Ga. 339 (69 S. E. 593, Ann. Cas. 1912A, 144, 31 L. R. A. (N. S.) 1057).

The appellant asserts that the court in which this cause was tried was without jurisdiction, for the rea-

son that this was an action prosecuted for the recovery of damages for injuries to real property; that therefore the action was barred by the provisions of Section 42, Or. L., which reads as follows:

"Actions for the following causes shall be commenced and tried in the county in which the subject of the action, or some part thereof, is situated:

"1. For the recovery of real property, or an estate or interest therein, or for injuries to real property": *Montesano Lumber Co.* v. *Portland Iron Works,* 78 Or. 53, 70 (152 Pac. 244), and the many authorities therein cited.

4. The question of jurisdiction was not raised by demurrer, motion, answer or by objection to the introduction of evidence during the trial in the court below. The objection is made by appellant for the first time in this court, but under the law of Oregon he is within his legal right as declared by statute:

"If no objection be taken, either by demurrer, or answer, the defendant shall be deemed to have waived the same, excepting only the objection to the jurisdiction of the court and the objection that the complaint does not state facts sufficient to constitute a cause of action": Section 72, Or. L., and the authorities therein cited.

5, 6. We recognize the rule that when a complaint reaches this court without having been demurred to or moved against in any way, every reasonable inference or intendment should be invoked to support it: *Weishaar* v. *Pendleton,* 73 Or. 190, 200 (144 Pac. 401)—citing *Baker City* v. *Murphy,* 30 Or. 405 (42 Pac. 133, 35 L. R. A. 88); *McCall* v. *Porter,* 42 Or. 49 (70 Pac. 820, 71 Pac. 976); *Drake* v. *Sworts,* 24 Or. 198 (33 Pac. 563); *Davis* v. *Wait,* 12 Or. 425 (8 Pac. 356); *Bade* v. *Hibberd,* 50 Or. 501 (93 Pac. 364). While it is true that a verdict aids an informal state-

ment of facts in a pleading, it will never supply a material averment that goes to the gist of the action: *Philomath* v. *Ingle,* 41 Or. 289 (68 Pac. 803). To like effect, see *Booth* v. *Moody,* 30 Or. 222 (46 Pac. 884).; *Savage* v. *Savage,* 36 Or. 268 (59 Pac. 461); *Chan Sing* v. *Portland,* 37 Or. 68 (60 Pac. 718).

7–9. The jurisdiction and power of the Circuit Court is invoked by a pleading alleging, with reference to the property damaged, that the plaintiffs, on the sixteenth day of April, 1917, entered into a contract with Bertha E. Martin for the purchase of the cedar timber and lands described therein, situate in the State of Washington; that in May, 1917, the plaintiffs commenced the construction of a shingle-mill on a part of said lands situate in the county of Wahkiakum, State of Washington, at a point near the center of the line between Sections 6 and 7 in township 8 north of range 4 west of the Willamette Meridian, and that they completed said mill at a cost of $4,500. From these allegations it appears that the shingle-mill was real property. It is a rule of law that, where a building is erected on the land of another, it is *prima facie* a part of the realty: Devlin on Real Estate, § 1220A. To like effect see *Smith* v. *Benson,* 1 Hill (N. Y.), 176; *Leland* v. *Gassett,* 17 Vt. 403; *Dolliver* v. *Ela,* 128 Mass. 557; *Brown* v. *Fox,* 12 Misc. Rep. 147 (33 N. Y. Supp. 57); *Godard* v. *Gould,* 14 Barb. (N. Y.), 662; *Richtmyer* v. *Morss,* 4 Abb. Dec. (N. Y.) 55. It is equally well settled that if a building is erected upon the lands of another, with the understanding, express or implied, that it may be removed when desired, it is then not a part of the real estate, but personal property: Devlin on Real Estate, § 1220A; R. C. L., §§ 25, 26, "Fixtures." In *Roseburg Na-*

*tional Bank* v. *Camp,* 89 Or. 67 (173 Pac. 313), Justice HARRIS cites a valuable list of authorities bearing upon the subject of "Fixtures." From the allegations of the complaint, the shingle-mill constructed upon the lands of Bertha E. Martin by the plaintiffs and burned by fire on July 1st was *prima facie* real property, and an action for damages therefor in the courts of this state is barred by the provisions of said Section 72, Or. L., as the law of this state has not jurisdiction of the subject matter. Jurisdiction of the subject matter, as we have seen, is the power to adjudge concerning the general question involved, and is not dependent on the ultimate existence of a good cause of action in the plaintiff in a pending cause before the court. The power must depend upon the facts averred in the pleading, and the complaint has averred injury to real property situate, not within, but without, this state; hence this court is without jurisdiction.

The plaintiffs' demand for relief sought to recover $3,000 for damages to the shingle-mill, outbuildings, and donkey engine, and for the further sum of $6,000 for damages by reason of the destruction of cedar timber that had been cut and thrown down. The court instructed the jury, regarding damages by reason of the burning of the said timber, that—

"Speculative profits are not ordinarily a proper element of damages, and it appears from the contract between the plaintiffs and Mrs. Martin (Plaintiffs' Exhibit D) that the plaintiffs were obligated to pay only for such logs of Mrs. Martin as were actually made into shingles, and the plaintiffs, therefore, cannot recover in this case the profits which they would have made if such logs had not been destroyed."

We do not mean to intimate whether the court should or should not have given this instruction, but

we do assume that the jury followed it, and found no damages on account of the destruction of the timber.

A verdict in favor of plaintiffs and against defendant in the sum of $2,000 was returned by the jury. What proportion of the verdict represents damages to the donkey engine, or injury to the outbuildings, or loss by reason of the burning of the shingle-mill, we cannot tell. However, according to the record, some part of this verdict represents damages to real property situate in the State of Washington, which it is beyond the jurisdiction of the court to award, and is invalid to that extent. Under the facts as disclosed by the record, the court cannot correct the judgment. Wherefore the judgment is ordered reversed and the case remanded, with leave to the plaintiff to apply to the lower court for permission to file an amended complaint, and for further proceedings not inconsistent with this opinion.

10. In this court, in an action at law, it is a rule that the prevailing party is entitled to recover costs and disbursements; but the rule has its exceptions, as the following precedents bear witness: *Stabler* v. *Melvin,* 89 Or. 226 (173 Pac. 896); *Olson* v. *Heisen,* 90 Or. 176 (175 Pac. 859); *Miller Lum. Co.* v. *Davis,* 94 Or. 507 (185 Pac. 462, 464, 1107); *Levine* v. *Levine,* 95 Or. 94 (187 Pac. 609). The court is of the opinion that, under the circumstances as they exist in this cause, it is not fair, right or just to exact costs and disbursements from respondents. Therefore it is adjudged that neither party have judgment for costs and disbursements in this court.

REVERSED AND REMANDED.

McBRIDE, C. J., and BEAN and JOHNS, JJ., concur.