Motion to dismiss overruled July 10, 1926, argued March 12, affirmed May 29, rehearing denied July 11, 1928.

## SANTIAM RECLAMATION COMPANY ET AL. *v.* HENRY C. PORTER, TRUSTEE.

(267 Pac. 820; 268 Pac. 980.)

For appellants there was a brief over the name of *Mr. W. Y. Masters,* with an oral argument by *Mr. Percy Cupper.*

For respondent there was a brief over the name of *Messrs. Carson & Carson,* with oral arguments by *Mr. John H. Carson* and *Mr. Allan G. Carson.*

ROSSMAN, J.—This is an appeal from a judgment of the Circuit Court dismissing an appeal from an order of the state engineer. On the sixteenth day of April, 1925, the state engineer entered an amended order in a matter before him in which the parties were the Santiam Reclamation Company, the Western Oregon Development Company, E. L. Thompson and associates, and Henry C. Porter, trustee. This order determined the water rights of the various parties, and particularly set forth: "Ordered that application No. 9789, of Henry C. Porter, trustee, be duly approved when the same has been completed so as to conform to the regulations of this office." Thereafter the Western Oregon Development Company and the Santiam Reclamation Company sought to appeal to the Circuit Court from that portion of

the Engineer's order which we have quoted. The Circuit Court dismissed their appeal and from its order in so doing the same companies have appealed to this court. It may well be doubted whether the foregoing constitutes a final order from which an appeal lies; apparently further conditions are to be met before the engineer's approval shall attach to the application. But we shall pass on to one of the other objections which we believe is fatal.

 The state engineer's authority extends to all land within the state. Nothing in the transcript brought before the Circuit Court designated in what counties the real property involved in this case was situated. 1923 Session Laws, Chapter 283, Section 3, amends Section 5701, Or. L., so that the latter now provides: "Any person, association or corporation who may deem himself, or itself, aggrieved by any order or regulation of the state engineer, shall have the right to appeal from the same to the circuit court of the county in which the property affected thereby or any part thereof, is situated. * * *" In *Kesler* v. *Nice,* 54 Or. 585 (104 Pac. 2, 25 L. R. A. (N. S.) 606), this court said:

"No objection to the jurisdiction of the court has been suggested by any of the parties, but the want of jurisdiction is patent upon the face of the record; and, the subject-matter of the suit involving the title to realty, it is the duty of the court, at any stage of the proceedings, when the want of jurisdiction appears, to refuse to proceed further, and to dismiss the appeal. *Evans* v. *Christian,* 4 Or. 375; *McKay* v. *Freeman,* 6 Or. 449, 453; *State* v. *McKinnon,* 8 Or. 487, 492. The record should show affirmatively the proper taking of all steps, and the existence of all the facts necessary to confer jurisdiction upon the appellate

court." See, also, *Wilkes* v. *Cornelius*, 21 Or. 341, 23 Pac. 473.

An examination of the amended order discloses that it related to permits numbers 882 and 1401 and Application No. 9789. We have examined the statutes of this state and fail to find any statutory requirement for assigning numbers or other designating characters to permits and applications. Hence, we assume that the court could not be required to assume judicial knowledge of routine practices in the office of the state engineer that designated applications and permits by numbers, and then proceeding further to ascertain in what counties the real property affected by the permits and applications were located.

In view of the fact that it nowhere appeared in the record that the real property was situated in Marion County, the Circuit Court of that county did not err when it dismissed the appeal.

Respondent has raised many other objections to the sufficiency of the attempted appeal, but in view of the fact that the above is fatal to the attempted appeal, we shall not review the others.

It follows from the foregoing that the judgment of the lower court dismissing the attempted appeal is affirmed. . · AFFIRMED.

RAND, C. J., concurs in result.

COSHOW and McBRIDE, JJ., concur.

Rehearing denied July 11, 1928.

ON PETITION FOR REHEARING.

(268 Pac. 980.)

For the petition, *Mr. Percy Cupper* and *Mr. W. Y. Masters.*

*Contra, Mr. John H. Carson* and *Mr. Allan G. Carson.*

ROSSMAN, J.— ■ The petition for a rehearing states that counsel for the appellants were misinformed by the clerk as to the hour when this case would be called for argument, and that due to this circumstance one of appellants' attorneys did not arrive in the courtroom until after the argument had been completed. We regret this circumstance, but feel that it does not present grounds for a rehearing. One of appellants' attorneys was present; before proceeding he should have called to our attention the fact that he desired the presence of his associate. Counsel should not speculate upon the outcome and after finding that the result is adverse to their client, petition for a rehearing.

The petition for a rehearing states that many assignments of error argued in the brief are not mentioned in the decision. This is true; but the assignment of error which we resolved in favor of the respondent is fatal to the appeal. This fact, together with the volume of business pressing itself upon our attention, persuaded us that there was no necessity for setting forth our views upon additional assignments of error; all, however, received our careful attention.

■ However, due to the above unfortunate circumstance, we shall state briefly our views concerning some of the assignments of error not mentioned in our previous decision. The original decision sustained the order of the Circuit Court for Marion County which dismissed the appeal, because nothing contained in the record showed that the property, which constituted the subject matter of the appeal, was situated in Marion County. Appellants once more call to our attention the fact that before the Circuit Court dismissed their appeal they had filed a motion suggesting a diminution of the record; they now argue that if the lower court allowed this motion, the material sent up would have shown that the property was situated in Marion County. Be this as it may, it is nevertheless a fact that when the lower court dismissed the appeal the record failed to show that the lands involved in the appeal were within its jurisdiction. The motion was not accompanied with an affidavit that there were, in fact, documents on file with the state engineer of the type described in the motion. Both our Code of Civil Procedure, Section 555, Or. L., and good practice, 4 C. J., Appeal and Error, Section 2269, contemplate that the moving party must satisfy the appellate court that the lower tribunal is in possession of documents which will make a better record. Since no showing was made to the above effect, the lower court did not err when it denied the motion. These circumstances leave the record bare of any showing that the land was situated in Marion County.

■ The notice of appeal was not addressed to the respondent; it was directed "To the State Engineer of the State of Oregon." Section 550, Or. L., contemplates that the notice of appeal shall notify the

adverse party or his attorney that an appeal is taken. Good practice demands that the notice should be addressed to those whom the appealing party contemplates shall become the respondents: 3 C. J., Appeal and Error, § 1324. The circumstances of this case made it peculiarly desirable that the notice of appeal should have been addressed to the party whose interests on appeal would be adversely affected, because there were several parties to the case. The amended order appealed from mentions, besides the two appellants and the respondent, "E. L. Thompson and associates" as parties to the proceeding. These being the circumstances it was desirable that the notice of appeal should be addressed to the future respondents. The undertaking on appeal stipulates that whereas the appellants desire to stay the issuance of a permit to Henry C. Porter, trustee, and the granting to him of an application for water, the obligors promise that if the order of the engineer is affirmed the appellant will satisfy the same. The appellant argues that this recital supplies the omission of the notice of appeal. Perhaps this would be true were it not for another circumstance which we shall now consider. The notice of appeal was served upon one Ronald C. Glover. Nothing appearing in this document nor attached to his signature states his connection with this piece of litigation. Some days later the undertaking was served upon the same individual; when he signed the acknowledgment of service there appeared after his signature: "Attorney for respondent Henry C. Porter, Trustee." Approximately a year later, when the motion was pending to dismiss the appeal, Mr. Glover executed an affidavit wherein he stated that when he acknowledged service of the notice of appeal he was in fact attorney for Mr. Porter. The de-

scriptive matter attached to Mr. Glover's signature upon the acceptance of service of the undertaking upon appeal and his foregoing affidavit would suffice to prove that the notice of appeal was served upon the proper individual. However, as we have seen before, the lower court dismissed the appeal. In the briefs, both parties addressed themselves to an argument as to whether Mr. Glover was in fact the attorney for the trustee, and each side undertakes to give us a little information upon this subject outside of the record. Thus the appellants in their reply brief, answering extraneous matter in the respondent's brief, state:

"While we are outside of the record, we will also refer to counsel's statement on pages 15 and 16, that Ronald G. Glover most positively averred that he never was respondent's attorney, to say, that Glover stated in the conversation referred to, that Mr. Porter wished him to continue in the case and wanted to pay him for what he had done since Mr. Condit's death, and even came back to him a second time to try to get him to act for him further in the case."

We would ignore the excursions taken by counsel outside of the record were it not for the fact that the foregoing statement prepared by counsel for the appellant creates a doubt in our minds as to whether Mr. Glover was in fact the attorney for Mr. Porter. The foregoing statement leads us to believe that in accepting service, he did so as a volunteer seeking to to render a courtesy. We draw the further inference that when Mr. Porter desired to employ him he declined to act. The inferences which we draw from the foregoing are in accord with Mr. Glover's second affidavit. In his third affidavit he states that he was never the attorney for Mr. Porter, and never had

authority to accept service upon the notice of appeal; there is an affidavit by Mr. Porter to similar effect. These affidavits, however, were not filed with the lower court. This is not a trial *de novo,* but a review of the decision of the lower court. However, both parties have wandered outside of the record, and since the statement made by the appellants, above quoted, seems to harmonize with Mr. Glover's later affidavits and the disposition of the case made by the lower court, we feel that we are justified in giving these affidavits this limited application.

It follows from the foregoing that the previous decision must be adhered to.

Petition for rehearing denied.

REHEARING DENIED.