James D. Hurley, J.
By deed dated March 28, 1944 the defendants bought certain farm property in the town of Marion, Wayne County, New York, on which was situate a house, barn, tool shed, garage, milk house and tenant house.
The defendants gave a mortgage to the persons from whom they purchased the property bearing date April 1, 1944. The deed and mortgage were both recorded on May 23, 1944.
Thereafter the defendants gave a second mortgage dated January 22, 1953 and recorded in Wayne County Clerk’s office January 24,1953.
*966 Both of these mortgages were subsequently assigned to Ray Liddle of Williamson, New York. An action to foreclose said mortgages was brought and the property was struck down to plaintiff herein and conveyed to him by deed of Harold J. Stiles, as referee, bearing date May 7, 1956 and recorded in Wayne County Clerk’s office on May 14, 1956 in Liber 448 of Deeds at page 527.
The evidence indicates that after the purchase of the premises the defendant installed therein a pump in the barn to furnish water from outside the barn to drinking cups for cattle in the barn.
Defendants also installed in the house two pumps to furnish water from outside and from a cistern for use in the house.
Defendants also installed in the house a hot-water heater and tank.
There were also on the property in the. barn 33 stanchions.
The evidence also satisfies me that the two pumps in the house, the hot-water heater in the house, the pump in the barn and some six stanchions were missing when the plaintiff was put into possession of said property and that the pump in the barn, the two pumps in the house and the hot-water heater in the house were removed by the defendants after the foreclosure action was commenced and before the plaintiff was put into possession of the premises.
The evidence does not show exactly what happened to the missing six stanchions, except that the evidence of the defendant, Arthur A. Bouwens indicates that six of the stanchions were worn out and apparently discarded.
This is an action in conversion to recover the value of the pump in the barn, the two pumps and hot-water heater in the house and six stanchions.
It is claimed by the plaintiff that these articles were fixtures, that they became the property of the plaintiff when he purchased the premises on the foreclosure sale.
The defendants claim that these items were not fixtures but were personal property belonging to the defendants and could be removed by them at will.
As above indicated, the pump in the barn was placed there for the purpose of conveying water to cattle. Without the pump the whole water system for conveying water to the drinking cups used by the cattle would be useless. The barn pump was attached to' two pipes, one coming from outdoors and the other going to the cups used for drinking by the cattle. While the pump in the barn was easily removed without damage to either the pump or the barn, I am satisfied that the barn pump *967 became a fixture and went with the property on the foreclosure sale. It is obvious that the defendant, Arthur A. Bouwens, at the time he purchased and installed the barn pump intended it to be a permanent fixture to supply water for the cattle.
Regarding the pumps in the house, I reach the same conclusion. Without the pumps, the water supply in the house would not work, except for a small hand pump that was also located in the house. Again, while these pumps could be removed without injury to the pumps or to the real property, I find that they were annexed with the intention of permanently improving the property in such a manner as to become fixtures.
As to the hot-water heater, I also find that it was installed with the intention that it would be permanent and that this item became part of the real property and passed to the plaintiff when he purchased the same at the foreclosure sale. (Jermyn v. Hunter, 93 App. Div. 175.)
It has been agreed by counsel that the stanchions were real property and therefore should not be removed.
Having concluded that all of the items mentioned were annexed to the real property so as to become fixtures, taking into consideration the intent with which they were annexed, the manner of annexation, and the appropriation to the house of that part of the realty with which they were connected, I how take up the question of the damages to be recovered by the plaintiff.
The value of the heater has been agreed upon and stipulated at $50.
Although there is a great discrepancy in the testimony as to the condition and value of the other items involved, I conclude
that their value is as follows:
Six stanchions at $2.50 each............ $15
Value of one house pump..:..... $25
One house pump....................... $60
Pump in barn......................... $75
Judgment should, therefore, be entered for the plaintiff in the sum of $225.