Francis J. Donovan, J.
In the first cause of action plaintiff seeks to foreclose a chattel mortgage dated and executed July 31, 1958 by plaintiff and defendant Creative Country Day School, Inc. On trial defendant Silver was dropped on motion of plaintiff and Silver. Plaintiff and defendant Creative united in interest to contest with defendants Merget on a question of title to certain equipment installed on Merget’s land by Creative, a tenant.
Merget claims unencumbered title to the equipment pursuant to paragraph 30 of a lease which reads in part: ‘ ‘ Any and all improvements, alterations, or additions to the premises made by the tenant shall be done in good workmanlike manner * * * and all such improvements, alterations or additions (including partitions, additions, plumbing fixtures, and all other articles of personalty except removable furnishings and furniture), shall be deemed to become the absolute property of the Landlord at once without payment or offset.”
*20 If title is in Merget as of the date of installation of the equipment, Creative had no title which it could subject to the chattel mortgage subsequently executed.
Plaintiff relies on clause 43 of the lease which reads: “ In clarification of parag. 30 herein the Tenant shall be entitled to remove the following at or before the expiration of this lease: All nursery equipment, all fences (except cyclone type), furnishings, furniture and auxiliary heating units.”
The equipment is accessory to a swimming pool and comprises filter tanks, meters, pumps and an automatic chlorinator. The pool was devoted to commercial use in connection with the conduct of a nursery or day school on the premises and the equipment was required for such use both legally and factually.
Both clauses of the lease must be interpreted in the light of the general law governing distinctions between real property and personal property as applied to fixtures.
It is conceded that the swimming pool itself is realty and title passed to the landlord under the lease.
Defendant’s Exhibit B is a schematic plan of the comprehensive swimming pool. On that plan all of the equipment is clearly integrated to comprise a single unit. The equipment is part of the swimming pool just as much as a thermostat and radiators are parts of a heating system.
By adaptation, design and function the equipment is a permanent accession to the freehold. It is part and parcel of the flow and purification system of the swimming pool.
The equipment is therefore real property. (Matter of Sperry Rand Corp. v. Board of Assessors, 10 A D 2d 720.)
Judgment may be entered in favor of defendants on the first cause of action. Unless otherwise stipulated between plaintiff and defendant Creative, the judgment shall be entered in favor of plaintiff against defendant Creative on the second cause of action on the note.