OPINION OF THE COURT
Jerome B. Fleischman, J.
In this consolidated small claims action, Harris seeks damages from Rapke for conversion of certain articles of alleged personal property. Rapke, in turn, sued Mayer claiming that if he is liable to Harris, she is liable over to him for the amount of damages found against him.
Mayer was the owner of a house which backed on Reynold’s *539 Channel. In 1981, Mayer rented space to Harris to moor his boat at Mayer’s fixed dock. The arrangement was informal. There was no written lease. Harris took care of the house in the winter when Mayer was away, and paid nominal rent.
In order to adapt the property to accommodate his boat, Harris had a pile driven in the bed of the channel and constructed a floating dock which attached to the pile and Mayer’s fixed dock. In addition, Harris installed a utility pole in Mayer’s lawn, in the vicinity of the dock, which housed water and electrical lines to service the boat and a telephone line. This pole was driven into the ground and the various lines ran underground to the house. As between Harris and Mayer, it was always understood that the pole, floating dock and pile was the property of Harris, which he had the right to remove when his lease was terminated.
On June 26, 1986, Rapke signed a binder to purchase Mayer’s house. A contract was negotiated which was signed on July 31, 1986. The contract contained the following standard clause: "The sale also includes all fixtures and articles of personal property attached to or used in connection with the premises * * * They include but are not limited to plumbing, heating, lighting and cooking fixtures”.
Added thereto was an extensive list of fixtures and personal property. However, the pole, floating dock and pile were not mentioned.
At the time the contract was signed, Rapke was aware that Harris moored his boat at the property, but he did not know that Harris had any claim to ownership of the pole, floating dock and pile. Thereafter, and prior to closing on November 26, 1986, Rapke spoke to Harris and told him that he would no longer be permitted to moor his boat at the premises. It was at this time that Rapke first learned of Harris’ claim to the floating dock, and he asked that it be removed. Instead, Harris took the floating dock out of the water and left it on top of the stationary dock. While it was Harris’ hope that Rapke would reconsider letting him moor his boat there in the spring, Rapke made no commitment.
In March of 1987, Rapke again told Harris that he should remove his floating dock and gave him to April 30th to do so. It was not until Harris came to remove the floating dock and attempted to remove the pole and pile that Rapke first learned Harris claimed these other items. Rapke refused to permit Harris to remove the pole and pile. Harris maintained *540 that he could not remove the floating dock without the pile because he needed the latter to install the floating dock at another location. Therefore, he left the floating dock at the property, tied to the pile with heavy chains. It remained there until about August 18, 1987, when it mysteriously disappeared. There was no evidence presented as to its fate. This action was commenced in September 1987.
As to the utility pole and pile, the question is whether or not they were fixtures which became a permanent part of the realty and were transferred by Mayer to Rapke together with the fee title. In determining this issue, the most important consideration is the purpose of the annexation of the article and the intent with which it was made. Thus it has been written by the Court of Appeals in McRea v Central Natl. Bank (66 NY 489, 495) that: "The permanency of the attachment does not depend so much upon the degree of physical force with which the thing is attached as upon the motive and intention of the party in attaching it. If the article is attached for temporary use with the intention of removing it, a mortgagee cannot interfere with its removal by the mortgagor. If it is placed there for the permanent improvement of the freehold, he may.”
The one exception is where removal would do substantial damage to the realty. (Tifft v Horton, 53 NY 377.)
The same rule has been applied in landlord and tenant cases. (See, Matter of City of New York [North Riv. Waterfront], 192 NY 295; Massachusetts Natl. Bank v Shinn, 18 App Div 276, affd 163 NY 360; Interstate Lien Corp. v Schmidt, 180 Misc 910.) It is clear that as between Harris and Mayer, the intent was that these two items were not permanent annexations and that Harris had the right to remove them. Such removal would not have damaged the real property.
However, Mayer sold these same items to Rapke. While they were not specifically enumerated in the contract of sale, they are clearly encompassed by the language, "fixtures and articles of personal property attached to or used in connection with the premises”.
The contract also specifically provides that the list of particular items is not all-inclusive. In fact, these two items are of the type which are commonly regarded as fixtures passing with the land. (See, Ver Plank v Bouwens, 6 Misc 2d 965; People ex rel. Hudson Riv. Day Line v Franck, 257 NY 69; Hoffman v Creative Country Day School, 26 Misc 2d 19, affd *541 213 NYS2d 534; New York, Ontario & W. Ry. Co. v Western Union Tel. Co., 36 Hun 205.)
Rapke was an innocent purchaser for value and his title to the property in question cannot be defeated by any arrangement between Harris and Mayer of which he had no knowledge. (Real Property Law § 266.)
Furthermore, in order to preserve his rights to these fixtures, Harris had the obligation to remove them before possession of the premises was delivered to Rapke. His failure to do so vested Mayer with the right to transfer this property to Rapke together with the land. (Talbot v Cruger, 151 NY 117; Brown v Fox, 12 Misc 147; Massachusetts Natl. Bank v Shinn, supra.)
As to the floating dock claimed by Harris, of which Rapke was aware, he consented to Harris’ removal thereof, and Harris was free to do so. Therefore, Rapke had no duty in reference thereto, other than to refrain from any affirmative action which would damage this property. There was absolutely no showing of any action on Rapke’s part which caused damage to the floating dock. Harris left it chained to the pile at his own risk and must, therefore, suffer the consequences of its disappearance.
Judgment is awarded in favor of Rapke, dismissing Harris’ complaint. Since Rapke has not been damaged, judgment is also awarded in favor of Mayer dismissing Rapke’s complaint.